1  Robert A. Sacks (SBN 150146)
   sacksr@sullcrom.com
2  Diane L. McGimsey (SBN 234953)
   mcgimseyd@sullcrom.com
3  Michael P. Murtagh (SBN 271385)
   murtaghm@sullcrom.com
4  **SULLIVAN & CROMWELL LLP**
   1888 Century Park East, Suite 2100
5  Los Angeles, California  90067-1725
   Telephone:   (310) 712-6600
6  Facsimile:   (310) 712-8800

7  *Attorneys for Defendant*
   *BP West Coast Products LLC*
8

9              **UNITED STATES DISTRICT COURT**
10            **SOUTHERN DISTRICT OF CALIFORNIA**
11

| | |
|---|---|
| PERSIAN GULF INC., individually and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>     v.<br><br>BP WEST COAST PRODUCTS LLC; CHEVRON U.S.A. INC.; TESORO REFINING & MARKETING COMPANY LLC; EQUILON ENTERPRISES LLC (D/B/A SHELL OIL PRODUCTS US); EXXONMOBIL REFINING & SUPPLY COMPANY; VALERO ENERGY CORPORATION; CONOCOPHILLIPS; ALON USA ENERGY, INC.; KERN OIL & REFINING CO. and DOES 1-25,<br><br>                    Defendants. | Case No.  3:15-cv-01749-L-BGS<br><br>**DEFENDANT BP WEST COAST PRODUCTS LLC'S SEPARATE MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF JOINT MOTION TO DISMISS PLAINTIFF'S COMPLAINT**<br><br>[Fed. R. Civ. P. 12(b)(6)]<br><br>Date:   May 2, 2016<br>Time:   10:30 a.m.<br>Place:  Courtroom 5B<br>Judge:  Hon. M. James Lorenz |

SULLIVAN & CROMWELL LLP

BP'S SEPARATE MEMORANDUM OF POINTS & AUTHORITIES ISO MOTION TO DISMISS
CASE NO. 15-CV-01749

Supplementing Defendants' Joint Motion to Dismiss ("Joint Motion"), Defendant B.P. West Coast Products ("BP") hereby respectfully submits this separate memorandum to address an additional circumstance unique to BP—the complete absence of any substantive allegations specific to BP in the Complaint.

As set forth in the Joint Motion, Plaintiff must plead facts "sufficient . . . to provide a plausible basis from which [the court] can infer" that BP entered into a price-fixing agreement. *In re Musical Instruments & Equip. Antitrust Litig.*, 798 F.3d 1186, 1193 (9th Cir. 2015). The Court cannot infer that BP was part of a conspiracy based on speculation. *See Name.Space, Inc. v. ICANN*, 795 F.3d 1124, 1131 (9th Cir. 2015). Rather, Plaintiff must plead a "further circumstance pointing toward a meeting of the minds" of BP and the other alleged co-conspirators, *i.e.*, facts establishing "who did what, to whom (or with whom), where, and when." *In re Musical Instruments*, 798 F.3d at 1194 n.6 (citations and quotations omitted).

While Plaintiff asserts that BP was part of an industry-wide conspiracy to fix prices in the West Coast gasoline market "to create a false [gasoline] shortage in order to force prices up and reap windfall profits" in violation of California antitrust and unfair competition laws (Compl. ¶ 2), Plaintiff has pleaded no facts from which the Court could plausibly infer that BP engaged in any such conduct. There are only three allegations in the Complaint that reference BP:

- Defendant BP West Coast Products LLC owns and operates a network of gas and fueling stations in California, Oregon, Washington, Nevada, and Arizona. It was founded in 1978 and is based in La Palma, California. BP West operates as a subsidiary of BP p.l.c. (Compl. ¶ 78.)

- BP is a member of unspecified "trade associations," which gave it "opportunities . . . to conspire" with other Defendants (*see* Compl. ¶ 54), but is *not* alleged to be a member of any specific trade association. (*See* Compl. ¶¶ 55-63.)

- There was a fire at a BP refinery in 2012. (Compl. ¶ 2.)

1 | Putting aside the Complaint's other obvious deficiencies as set forth in the
2 | Joint Motion, these allegations do not come close to pleading an antitrust conspiracy
3 | claim against BP. Completely missing from the Complaint is any factual allegation about
4 | BP whatsoever, other than the vague allegation that BP was a member of unspecified
5 | trade associations, which is insufficient as a matter of law to state a claim against BP.
6 | *See In re Musical Instruments*, 798 F.3d at 1196 ("[M]ere participation in trade-
7 | organization meetings where information is exchanged and strategies are advocated does
8 | not suggest an illegal agreement.")

9 | Because Plaintiff has not begun to plead the requisite facts to support the
10 | legal conclusion that defendant BP engaged in a price-fixing conspiracy, the Complaint
11 | should be dismissed as to BP.

12 | Dated: March 8, 2016.

Robert A. Sacks
Diane L. McGimsey
Michael P. Murtagh
**SULLIVAN & CROMWELL LLP**

/s/ Robert A. Sacks
Email: sacksr@sullcrom.com

*Attorneys for Defendant*
*BP West Coast Products LLC*