DANIEL G. SWANSON, SBN 116556
  dswanson@gibsondunn.com
STEVEN E. SLETTEN, SBN 107571
  ssletten@gibsondunn.com
DAVID HAN, SBN 247789
  dhan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000
Facsimile: 213.229.7520

Attorneys for Defendant
CHEVRON U.S.A. INC.

[Additional Counsel on Signature Pages]

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSIAN GULF INC., individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BP WEST COAST PRODUCTS LLC; CHEVRON U.S.A. INC.; TESORO REFINING & MARKETING COMPANY LLC; EQUILON ENTERPRISES LLC (D/B/A SHELL OIL PRODUCTS US); EXXONMOBIL REFINING & SUPPLY COMPANY; VALERO MARKETING & SUPPLY COMPANY; CONOCOPHILLIPS; ALON USA ENERGY, INC.; and DOES 1-25, inclusive,<br><br>Defendants. | CASE NO. 3:15-cv-01749-L-BGS<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>**SPECIAL BRIEFING SCHEDULE ORDERED PER LOCAL RULE 7.1(E):** Pursuant to Court Order (Dkt. 80), Defendants' Joint Motion to Dismiss FAC shall be filed and served no later than October 17, 2016<br><br>**Hearing:**<br>Date: Dec. 5, 2016<br>Time: 10:30 a.m.<br>Place: Courtroom 5B<br>Judge: Hon. M. James Lorenz |

Pursuant to Rule 201 of the Federal Rules of Evidence and related authorities, Defendants BP West Coast Products LLC, Chevron U.S.A. Inc., Tesoro Refining & Marketing Company LLC, Equilon Enterprises LLC (d/b/a Shell Oil Products US), ExxonMobil Refining & Supply Company, ConocoPhillips, Alon USA Energy, Inc., and Valero Marketing & Supply Company ("Defendants") respectfully request that this Court take judicial notice of the Exhibits attached to the concurrently filed Declaration of Steven Sletten in Support of Defendants' Request for Judicial Notice when considering Defendants' Joint Motion to Dismiss Plaintiff's First Amended Complaint:

- **Exhibit 1**: Exhibit 1 to the Declaration of David Han is a computer-generated comparison (commonly called a "redline") of Plaintiff's Complaint (Dkt. No. 56) and Plaintiff's First Amended Complaint (Dkt. No. 76). Blue type indicates an "Insertion," *i.e.*, text that is in the First Amended Complaint that was not in the Complaint. Red type with a strikethrough indicates a "Deletion," *i.e.*, text that was in the Complaint that is not present in the First Amended Complaint. Green type indicates that text was "Moved from" or "Moved to," *i.e.*, the same exact text appears in both complaints, but it appears in different places in the document. Green text with a strikethrough indicates where the text was moved from, and green text without a strikethrough indicates where it was moved to. The computer-generated comparison does not compare, and thus does not show changes (if any), to the signature block or the CM-ECF generated header for electronic filings.
- **Exhibit 2**: Press Release, Consumer Watchdog, Consumer Watchdog Tells So Cal Drivers Fill Up Now, Gas Prices to Rise Quickly as Major Refiners Switch to Summer Blend and Raise Prices on Their Dealers by 37 Cents Overnight (Feb. 25, 2016) (cited in First Am. Compl. ¶ 81 n.93), *available at* http://www.consumerwatchdog.org/newsrelease/consumer-watchdog-tells-so-cal-drivers-fill-now-gas-prices-rise-quickly-major-refiners-s.

- **Exhibit 3**: Gordon Schremp, Recent Fuel Price Trends, Market Overview & Contributing Factors: Petroleum Market Advisory Committee Meeting, Cal. Energy Comm'n (June 30, 2015) (cited in First Am. Compl., ¶ 57 n.49), *available at* http://www.energy.ca.gov/assessments/petroleum_market/2015-06-30/presentations/Recent_Fuel_Price_Trends_Market_Overview_and_Contributing_Factors.pdf.
- **Exhibit 4**: Robert McCullough, "Analysis of West Coast Gasoline Prices," McCullough Research (June 5, 2012) (cited in First Am. Compl., ¶¶ 2 n.1, 3), *available at* http://www.mresearch.com/pdfs/470.pdf.

The Court may take judicial notice of these Exhibits in considering Defendants' joint motion to dismiss. *In re Sony Gaming Networks & Customer Data Sec. Brecah Litig.*, 903 F. Supp. 2d 942, 954 (S.D. Cal. 2012) ("The Court may take judicial notice on a motion to dismiss under Rule 12(b)(6)."). Federal Rule of Evidence 201 authorizes judicial notice of facts that are not "subject to reasonable dispute in that [they] are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). When deciding a Rule 12 motion, a court may "take into account documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.'" *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (internal citation omitted). The Ninth Circuit has further held that the "rationale of the 'incorporation by reference' doctrine applies with equal force to internet pages as it does to printed material." *Id.*

**Exhibit 1**: Exhibit 1 is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" because it compares two filings on the federal court's electronic filing and docketing system known as the Public Access to Court Electronic Records ("PACER") system. Accordingly, it is properly subject to judicial notice. Fed. R. Evid. 201(b); *Kim v. Shellpoint Partners, LLC*, 2016 WL 1241541, at *3 (S.D. Cal. Mar. 30, 2016) (taking judicial notice of "a

2
DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 15-CV-01749

redline comparison of [plaintiff's] original complaint and her FAC" because "it's capable of accurate and ready determination by resort to resources whose accuracy cannot reasonably be questioned"); *In re Hypercom Corp. Sec. Litig.*, 2006 WL 1836181, at *2 (D. Ariz. July 5, 2006) (taking judicial notice of "a redline comparison of [plaintiffs'] first and second amended complaints").

**Exhibits 2-4**: Persian Gulf's First Amended Complaint refers to, and relies upon, Exhibits 2, 3 and 4 without including the print-outs of these sources. *Knievel*, 393 F.3d at 1076 (noting that the "incorporation by reference" doctrine permits courts "to take into account documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the plaintiff's pleading") (internal quotations and citation omitted). Moreover, Plaintiff cannot reasonably dispute the authenticity of these Exhibits, and district courts in the Ninth Circuit have routinely taken judicial notice of "webpages or documents [that were] specifically referred to in the [complaint]." *In re iPhone 4S Consumer Litig.*, 2013 WL 3829653, at *6 (N.D. Cal. July 23, 2013); *see also*, *e.g.*, *In re Yahoo! Inc. Shareholder Derivative Litig.*, --- F. Supp. 3d ----, 2015 WL 9319307, at *5 (N.D. Cal. Dec. 23, 2015) (taking judicial notice of the exhibits "referenced in the Complaint"); *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1205 (N.D. Cal. June 12, 2014) (same); *Williams v. Oberon Media, Inc.*, 2010 WL 1644888, at *1 n.1 (C.D. Cal. Mar. 4, 2010) (taking judicial notice of a "screenshot of [a] webpage" that was "incorporated by reference in Plaintiffs' Complaint").

In sum, Defendants respectfully request that the Court take judicial notice of the attached Exhibits that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned" (Fed. R. Evid. 201(b)) and that Plaintiff incorporated by reference in its First Amended Complaint.

DATED: October 17, 2016

DANIEL G. SWANSON
STEVEN E. SLETTEN
DAVID HAN
GIBSON, DUNN & CRUTCHER LLP


By:   s/ Steven E. Sletten
        STEVEN E. SLETTEN

Attorneys for Defendant CHEVRON U.S.A. INC.
Email: ssletten@gibsondunn.com


JONES DAY LLP


By:   s/ David C. Kiernan
        DAVID C. KIERNAN

Attorneys for Defendant
TESORO REFINING & MARKETING COMPANY LLC
Email: dkiernan@jonesday.com


MORGAN LEWIS & BOCKIUS LLP


By:   s/ Kent M. Roger
        KENT M. ROGER

Attorneys for Defendant
EQUILON ENTERPRISES LLC
doing business as SHELL OIL PRODUCTS US
Email: kent.roger@morganlewis.com

| | |
|---|---|
| 1 | O'MELVENY & MEYERS |
| 2 | |
| 3 | By: s/ Charles C. Lifland |
| 4 | CHARLES C. LIFLAND |
| 5 | Attorneys for Defendant |
| 6 | EXXON MOBIL REFINING & SUPPLY CO.<br>Email: clifland@omm.com |
| 7 | |
| 8 | WILSON TURNER KOSMO LLP |
| 9 | |
| 10 | By: s/ Robin A. Wofford |
| 11 | ROBIN A. WOFFORD |
| 12 | Attorneys for Defendant<br>EXXON MOBIL REFINING & SUPPLY CO. |
| 13 | Email: rwofford@wilsonturnerkosmo.com |
| 14 | COZEN O'CONNOR |
| 15 | |
| 16 | |
| 17 | By: s/ Michael De Leeuw<br>MICHAEL DE LEEUW |
| 18 | Attorneys for Defendant |
| 19 | ALON U.S.A. ENERGY, INC. |
| 20 | Email: mdeleeuw@cozen.com |
| 21 | SULLIVAN & CROMWELL |
| 22 | |
| 23 | By: s/ Diane L. McGimsey |
| 24 | DIANE L. MCGIMSEY |
| 25 | Attorneys for Defendant |
| 26 | BP WEST COAST PRODUCTS LLC<br>Email: mcgimseyd@sullcrom.com |
| 27 | |
| 28 | |

Gibson, Dunn & Crutcher LLP

5

DEFENDANTS' REQUEST FOR JUDICIAL NOTICE
CASE NO. 15-CV-01749

NORTON ROSE FULBRIGHT

By:   s/ John C. Gray
          JOHN C. GRAY

Attorneys for Defendant
CONOCO PHILIPS
Email: john.gray@nortonrosefulbright.com


GLYNN & FINLEY LLP


By:   s/ Robert Phelps
          ROBERT PHELPS

Attorneys for Defendant
VALERO MARKETING AND SUPPLY COMPANY
Email: bphelps@glynnfinley.com

**Signature Certification**

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to David C. Kiernan, counsel for Tesoro Refining & Marketing Company, LLC; Kent M. Roger, counsel for Equilon Enterprises LLC doing business as Shell Oil Products US; Charles C. Lifland, counsel for Exxon Mobil Refining & Supply Co.; Robin A. Wofford, counsel for Exxon Mobil Refining & Supply Co.; Michael De Leeuw, counsel for Alon U.S.A. Energy, Inc.; Diane Lee McGimsey, counsel for BP West Coast Products LLC; Robert Phelps, counsel for Valero Marketing and Supply Company; and John C. Gray, counsel for Conoco Phillips, and that I have obtained each of the foregoing persons' authorization to affix his or her electronic signature to this document.

By:   s/ Steven E. Sletten
          STEVEN E. SLETTEN