UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSIAN GULF INC., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>BP WEST COAST PRODUCTS LLC, et al.,<br><br>    Defendants. | CASE NO. 3:15-cv-01749-L-AGS<br><br>**CLASS ACTION**<br><br>**ORDER REGARDING EXPERT DISCOVERY** |
| RICHARD BARTLETT, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br> v.<br><br>BP WEST COAST PRODUCTS LLC, et al.,<br><br>    Defendants. | Lead Case No. 3:18-cv-01374-L-AGS<br>*(Consolidated with*<br>*Case No. 3:18-cv-01377-L-AGS)*<br><br>**CLASS ACTION** |

Plaintiffs Persian Gulf Inc., Richard Bartlett, Joshua Ebright, Paul Lee, David Rinaldi, and Kristine Snyder, (together, the Plaintiffs), and defendants BP West Coast Products LLC, Chevron U.S.A. Inc., Tesoro Refining & Marketing Company LLC, Equilon Enterprises LLC, Exxon Mobil Corporation, Exxon Mobil Refining & Supply Co., Valero Marketing and Supply Company, Phillips 66, and Alon U.S.A. Energy, Inc. (together, the Defendants and collectively with the Plaintiffs, the Parties) filed a Joint Motion Regarding Expert Discovery requesting that the Court to enter the below stipulated order (the "Order") regarding the scope of expert discovery in the above-captioned matter. For good cause shown, the Joint Motion Regarding Expert Discovery is **GRANTED,** as follows:

**1. Expert Reports and Summaries:** The Parties will make all disclosures required by Federal Rule of Civil Procedure 26(a)(2), as modified or limited herein, at the times and in the manner provided for in this Order or as established by the Scheduling Order dated November 15, 2018 or any subsequent order of the Court. The term "expert" as used herein refers to a witness a Party may use to present evidence at trial under Federal Rule of Evidence 702, 703, or 705. Nothing in this stipulation is intended to alter Federal Rule of Civil Procedure 26(b)(4)(D) with respect to non-testifying or consulting experts.

Each Party must serve a report for each expert (or, as applicable, a summary for each expert in compliance with Federal Rule of Civil Procedure 26(a)(2)(B) and (C)), provided, however, that the term "considered" as used in Federal Rule of Civil Procedure 26(a)(2)(B)(ii) and 26(b)(4)(C)(ii) shall be interpreted as "relied upon" for purposes of this action.

As required by Federal Rule of Civil Procedure (a)(2)(B)(v), each Party shall identify each case in which the Party's expert has testified as an expert witness at trial or by deposition within the preceding four years.

**2. Associated Documents and Data:** Within four business days of service of any expert report or summary, the serving Party must produce to all other Parties a

2

copy of all documents or data referred to therein, except for any documents or data that have been produced previously in this action, which can instead be referred to by Bates number. Documents and data that are publicly available need not be produced absent specific request if they are identified with sufficient specificity to allow the opposing side to locate and obtain the document or data.

To the extent that an expert report or summary includes, relies upon, or describes exhibits, information, or data processed or modeled using a computer at the direction of the expert in the course of forming that expert's opinions, the Party offering the expert's opinions must produce machine readable copies of the final data (including all input and output files)—regardless of whether that data was previously produced by a Party—along with the appropriate programs, software, and instructions, including any scripts or programming code, except that no Party need produce programs, databases, software, or instructions, including any scripts or programming code, that are commercially available at a reasonable cost. No Party need produce databases, programs, and software that (i) are used in the ordinary course of a Party's business and (ii) are not practicable to copy, as long as the Party offering the expert's opinion provides timely and reasonable access for purposes of replication or analysis of disclosed results.

3. **Expert Discovery Limitations:** The provisions of Federal Rule of Civil Procedure 26(b)(4), as modified or limited herein, will apply to expert discovery in this action. No expert or Party is required to produce or describe on a privilege log and no Party may seek discovery or disclosure of by any method (including by deposition) of any of the following categories of information or documents, provided that such information or documents were created or obtained after the expert was first contacted by a Party about retention as an expert in the above-captioned litigation *and* provided that such information or documents were created or obtained in anticipation of or preparation for the above-captioned litigation: (1) any communication between an expert (including his or her assistants, staff, or agents) and a Party offering the

testimony of such expert (including the Party's employees, agents, consultants, and counsel, and their employees, staff or agents); (2) any communication between an expert and his or her staff, assistants, or agents; (3) any communication between any two or more experts (or among their staff, assistants, or agents); (4) any communications between an expert and a non-testifying expert or consultant; (5) drafts of any expert's report, opinions, written testimony, exhibits, studies, or work papers (including any preliminary or intermediate computation, calculation, data run, or compilation), or any other draft, preliminary or intermediate material prepared by, for, or at the direction of an expert, regardless of the form in which the draft is recorded; (6) any notes or other writings made by, for, or at the direction of an expert; or (7) budgets, invoices, bills, receipts, or payment records concerning testifying or non-testifying expert witnesses or consultants, their staff, assistants, colleagues, or associates, or their companies or organizations. Nothing in this paragraph relieves an expert or Party from the duty to identify the facts, data, and assumptions that the expert relied upon in forming his or her opinions as provided for under Rule 26(b)(4)(C).

This Order should not be construed to preclude reasonable questioning at deposition related to compensation of an expert or expert's firm in connection with the above captioned matter, or to the number of hours expended in preparing his or her report and testimony, or to the frequency and duration of meetings with counsel in connection with this litigation.

Nothing in this Order implies that any of the information restricted from discovery by this Order would otherwise be discoverable.

**4.** **Finality of Expert Evidence:** Subject to the duty to correct under Federal Rule of Civil Procedure 26(a)(2)(E) and Rule 26(e)(2), no expert or rebuttal expert report, summary, or other expert evidence may be supplemented, and no expert evidence may be offered or admitted that has not been timely and properly disclosed, except by leave of Court.

**5. Expert Depositions:** The presumptive length of expert depositions shall be one seven-hour day per expert, as set forth in Fed. R. Civ. P. 30(d)(1).

**IT IS SO ORDERED.**

Dated: 1/10/2019

Hon. Barbara L. Major
United States Magistrate Judge