1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| PERSIAN GULF INC., Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>      v.<br><br>BP WEST COAST PRODUCTS LLC, et al.,<br><br>              Defendants. | CASE NO. 3:15-cv-01749-L-AGS<br><br>**CLASS ACTION**<br><br>**ORDER GRANTING MOTION (ECF No. 183) AND STIPULATED PROTECTIVE ORDER** |
| RICHARD BARTLETT, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>      v.<br><br>BP WEST COAST PRODUCTS LLC, et al.,<br><br>              Defendants. | Lead Case No. 3:18-cv-01374-L-AGS<br>*(Consolidated with*<br>*Case No. 3:18-cv-01377-L-AGS)*<br><br>**CLASS ACTION** |

11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Plaintiffs and Defendants (collectively referred to as the "Parties," and individually as "Party") have agreed to be bound by the terms of the Protective Order ("Order") in this action. Having reviewed the parties' motion (ECF No. 183), the Court concludes good cause exists for entering this Order as the materials to be exchanged throughout the course of the litigation between the Parties may contain trade secret or other confidential research, technical, cost, price, marketing or other commercial information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The purpose of this Order is to protect the confidentiality of such materials as much as practical during the litigation.

## DEFINITIONS

1.    The term "confidential information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed to be confidential information by any Party or subpoenaed non-party to which it belongs.

2.    The term "materials" will include, but is not be limited to: documents; correspondence; memoranda; bulletins; blueprints; specifications; customer lists or other material that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; telegrams; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; compilations from which information can be obtained and translated into reasonably usable form through detection devices; sketches; drawings; notes (including laboratory notebooks and records); reports; instructions; disclosures; other writings; models and prototypes and other physical objects.

3.    The term "counsel" will mean (a) outside counsel of record (including other attorneys, paralegals, secretaries, and other support staff employed in the law firms

whose attorneys have entered an appearance in this action); (b) in-house litigation counsel; and (c) other in-house counsel whose responsibilities do not include operational business or competitive decision-making authority, provided disclosure to counsel covered by subparagraphs (b) and (c) hereof is reasonably necessary for the prosecution or defense and conduct of this litigation.

## GENERAL RULES

4.     Each Party or subpoenaed non-party to this litigation that produces or discloses any materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party believes should be subject to this Protective Order (hereinafter, the "Producing Party") may designate the same as "CONFIDENTIAL" or " CONFIDENTIAL - FOR COUNSEL ONLY."

(a)     Designation as "CONFIDENTIAL": Any Producing Party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such Producing Party and its counsel, the unrestricted disclosure of such information could be potentially prejudicial to the business or operations of such designating party.

(b)     Designation as "CONFIDENTIAL - FOR COUNSEL ONLY": Any Producing Party may designate information as "CONFIDENTIAL - FOR COUNSEL ONLY" only if, in the good faith belief of such Producing Party and its counsel, the information is among that considered to be most sensitive by the designating party, including but not limited to trade secret or other confidential research, development, financial, pricing, or other highly sensitive commercial information.

(c)     If a Producing Party chooses to designate material "CONFIDENTIAL – FOR COUNSEL ONLY" it must mark those documents *provisionally* with that designation to give the receiving party a reasonable opportunity to review and evaluate whether the receiving party agrees with the "CONFIDENTIAL – FOR COUNSEL ONLY" designation.  The Producing Party will also identify in a covering letter to the production, by bates numbers, all documents that have been so

marked.  If the receiving party has questions about and/or objections to any of the provisional designations it may proceed to address any such questions and/or objections according to the provision of Paragraph 15 hereof.  In the absence of notice by the receiving party of questions about and/or objections to the designations "CONFIDENTIAL – FOR COUNSEL ONLY," the designation will be considered final for purposes of any use of such documents in the matter.

5.     In the event the Producing Party elects to produce materials for inspection, no marking need be made by the Producing Party in advance of the initial inspection. For purposes of the initial inspection, all materials produced will be considered as "CONFIDENTIAL - FOR COUNSEL ONLY," and must be treated as such pursuant to the terms of this Order.  Thereafter, upon selection of specified materials for copying by the inspecting party, the Producing Party must, within a reasonable time prior to producing those materials to the inspecting party, mark the copies of those materials that contain confidential information with the appropriate confidentiality marking.

6.     Whenever a deposition taken on behalf of any Party involves a disclosure of confidential information of any Party or subpoenaed non-party:

(a)     the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a Party or subpoenaed non-party may designate portions of depositions as containing confidential information after transcription of the proceedings; a Party or subpoenaed non-party will have until fourteen (14) days after receipt of the deposition transcript to inform the other Party or Parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY."

(b)     the disclosing Party or subpoenaed non-party will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to

Paragraph 8 (for "CONFIDENTIAL - FOR COUNSEL ONLY" information) and Paragraph 9 (for "CONFIDENTIAL" information) below;

(c)     the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

7.     All confidential information designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation, unless and until such designation is removed either by agreement of the Parties, or by order of the Court.

8.     Information designated "CONFIDENTIAL - FOR COUNSEL ONLY" may only be viewed by outside counsel of the receiving party as defined in Paragraph 3(a); in-house counsel of the receiving party as defined in Paragraphs 3(b) and 3(c) (pursuant to the terms of Paragraph 8(a)); witnesses (pursuant to the terms of Paragraph 8(b)); independent experts (pursuant to the terms of Paragraph 8(c)); employees of a party's insurer (pursuant to the terms of Paragraph 8(d)); and the individuals described in Paragraphs 8(e)-(i), under the conditions set forth in this Paragraph and Subparagraphs.

(a)     **In-House Counsel**: Counsel employed in-house by a receiving party as defined in Paragraphs 3(b) and 3(c) may review information designated "CONFIDENTIAL – FOR COUNSEL ONLY" to the extent such disclosure is reasonably necessary for the prosecution or defense of the receiving party in the action and further provided that such in-house counsel has read this Order and signed Exhibit A.

- 4 -

(b)   **Witnesses**: A witness who has been subpoenaed or noticed for deposition, trial testimony, or other court proceeding in the above-captioned case not otherwise authorized to view the information designated "CONFIDENTIAL - FOR COUNSEL ONLY" in question, has the right to review such information during that witness' testimony at a deposition, hearing, or trial in the above-captioned case, or in preparation for the same; provided that:  (1) the name of the witness appears on the document either as an author or recipient thereof or in the body of the document; (2) the witness is a current employee of the Producing Party; (3) the witness is a former employee of the Producing Party who was employed at the time the document was created (provided the former employee is not currently employed by a company who currently operates a refinery in California or is or was a Defendant in this matter); or (4) counsel for the Producing Party expressly authorizes in writing disclosure of the information to the witness prior to its disclosure.

(c)   Any witness authorized pursuant to subparagraphs (2, 3, or 4) of paragraph 8 (b) to review information designated "CONFIDENTIAL - FOR COUNSEL ONLY" may only review such information provided that; (1) the disclosure is made for the purpose of advancing the disclosing Party's claims or defenses, and for no other purposes; (2) the witness is not permitted to retain the information designated "CONFIDENTIAL - FOR COUNSEL ONLY" after the witness is examined regarding the Protected Material, unless the witness was previously authorized to possess the information prior to the examination; (3) the witness signs the Exhibit A; and (4) the witness is explicitly informed by counsel for the Party seeking to use the information designated "CONFIDENTIAL - FOR COUNSEL ONLY" that signing Exhibit A means that the witness is forbidden from disclosing the information designated "CONFIDENTIAL - FOR COUNSEL ONLY" except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

(d)     **Independent Experts**:   Any independent expert (testifying or otherwise) who is to receive or review confidential information must sign a copy of the form attached hereto as Exhibit A in advance of seeing or receiving such confidential information.  The right of any independent expert, including support staff employed by such expert, to receive confidential information designated "CONFIDENTIAL - FOR COUNSEL ONLY" will be subject to the advance approval of such expert by the Producing Party or by permission of the Court.  The Party seeking approval of an independent expert to access such confidential information must provide the Producing Party with the name and curriculum vitae of the independent expert.  Any objection by the Producing Party to an independent expert receiving confidential information designated "CONFIDENTIAL – FOR COUNSEL ONLY" must be made in writing within fourteen (14) days following receipt of the identification of the expert to whom access is proposed.  "CONFIDENTIAL - FOR COUNSEL ONLY" information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made.   The approval of independent experts access to "CONFIDENTIAL - FOR COUNSEL ONLY" information must not be unreasonably withheld;

(e)     **Employees of a Party's Insurer**:   Relevant employees of any insurer to a Party may review information designated "CONFIDENTIAL - FOR COUNSEL ONLY" to the extent that such disclosure is reasonably necessary for the prosecution or defense of that Party in this action and who have signed Exhibit A;

(f)     Special masters, mediators, or other third parties who are appointed by the Court or retained by the Parties for settlement purposes or resolution of discovery or other disputes and their necessary personnel and, in the case of persons retained by the Parties, who have signed Exhibit A;

(g)     Any other person agreed to by the designating party in writing;

(h)     Persons engaged by a Party's counsel to furnish litigation support services, such as, but not limited to, E-discovery vendors, technological support staff,

and office support staff, in this action, but not including the Party receiving the information, or any director, officer, agent or employee of the Party;

(i)     Pursuant to the restrictions set forth in Paragraphs 8 and 9 of this Order, officers of the Court, members of the jury; and

(j)     Any other person to whom the Court compels disclosure of the designated "CONFIDENTIAL - FOR COUNSEL ONLY" or to whom disclosure is required by law.

9.     Information designated "CONFIDENTIAL" may only be viewed by counsel of the receiving party on the same terms and conditions as set forth in Paragraph 8 hereof; any witness while testifying under oath in this matter provided the witness is governed by the provisions of Paragraph 8(c)(1)-(4) hereof;   independent experts (pursuant to the terms of Paragraph 8(d)); employees of a party's insurer (pursuant to the terms of Paragraph 8(e)); Court personnel and individuals covered by and pursuant to Paragraphs 8(f)-(j); and by the additional individuals listed below, provided each such individual has read this Order in advance of disclosure and has signed Exhibit A:

(a)     Executives who are required to participate in policy decisions with reference to this action;

(b)     Technical personnel of the Parties with whom Counsel for the Parties find it necessary to consult, in the discretion of such counsel, in preparation for trial of this action;

(c)     Persons engaged by a Party's counsel to furnish litigation support services, such as, but not limited to, E-discovery vendors, technological support staff, and office support staff, in this action, but not including the Party receiving the information, or any director, officer, agent or employee of the Party; and

(d)     Stenographic and clerical employees associated with the individuals identified above.

10.     Material designated "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" may be shown to any person indicated on the face of the document

to be its originator, author or a recipient of a copy of the document, or a custodian or other person who otherwise possessed or knew the information.  Nothing herein is intended to limit or govern the manner in which the Producing Party handles its own documents produced that are given a confidential designation hereunder, including without limitation to whom the documents may be shown.

11.    All information which has been designated as "CONFIDENTIAL" or "CONFIDENTIAL – FOR COUNSEL ONLY" by a Producing Party, and any and all reproductions of that information, must be retained in the custody of the counsel for the receiving party identified in Paragraph 3, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.  Any transcripts containing confidential information kept in a document management system must be password protected.  To the extent possible, the parties will request the court reporter provide a version of the transcript with all confidential information redacted to be approved by counsel making the designations.

12.    Any handwritten or typed notes made by counsel about the confidential information shall be treated as confidential information.

13.    At all times, the confidential information disclosed shall remain in possession of counsel permitted access to it in a secured environment within that counsel's office.  No copy may be sent or taken off-site without the prior written consent of the designating counsel, except for use in preparing for or during depositions, cross-examinations, hearings, or on affidavits (or any other examination) or at Court or at a mediation in relation to this litigation.

14.    Before any materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as confidential information are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.    If   a   Party   wishes   to   file   or   lodge   documents   designated   as

"CONFIDENTIAL" or "CONFIDENTIAL -FOR COUNSEL ONLY" under seal, the other Parties shall not unreasonably withhold agreement to such procedure. If an agreement is reached, the Parties shall submit to the Court a Joint Motion and Proposed Order for such filing or lodging under seal. If no such agreement is reached, then the proponent of lodging or filing under seal shall seek a sealing order from the Court consistent with the Local Rules of the United States District Court for the Southern District of California and Magistrate Judge Schopler's Chamber Rules.

15.     At any stage of these proceedings, any Party may object to a designation of materials that have been designated as confidential information. The Party objecting to confidentiality must notify, in writing, counsel for the Producing Party of the objected-to materials and the grounds for the objection. The parties agree to meet-and-confer in good faith in an attempt to resolve the questions and/or disagreements of objecting party. As for documents provisionally marked as "CONFIDENTIAL – FOR COUNSEL ONLY," if the dispute is not resolved consensually between the parties, not later than 15 days after the delivery of written notice of the objections, the Parties agree to prepare and submit a joint letter brief setting forth their respective positions (five pages maximum length) to the Magistrate Judge for review and a decision on the dispute. The parties agree that any such dispute may be heard and resolved, if so desired by the sitting Magistrate Judge, through an informal telephone conference call.   The materials at issue must be treated as confidential information, as designated by the designating party, until the Court has ruled on the objections, the time for any appeals or review of such ruling has expired, or the matter has been otherwise resolved.

16.     All confidential information must be held in confidence by those inspecting or receiving it, and must be used only for purposes of this action. Counsel for each Party, and each person receiving confidential information must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If confidential information is disclosed to any person other than a person authorized by this Order, the Party responsible for the unauthorized disclosure must immediately bring

all pertinent facts relating to the unauthorized disclosure to the attention of the other Parties and, without prejudice to any rights and remedies of the other Parties, make every effort to prevent further disclosure by the Party and by the person(s) receiving the unauthorized disclosure.

17.    No Party will be responsible to another Party or subpoenaed non-party for disclosure of confidential information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

18.    If a Party or subpoenaed non-party, through inadvertence, produces any confidential information without labeling or marking or otherwise designating it as such in accordance with this Order, the designating party or subpoenaed non-party may give written notice to the receiving party that the document or thing produced is deemed confidential information, and that the document or thing produced should be treated as such in accordance with that designation under this Order.  The receiving party must treat the materials as confidential, once the designating party so notifies the receiving party.  If the receiving party has disclosed the materials before receiving the designation, the receiving party must notify the designating party in writing of each such disclosure. Counsel for the Parties or subpoenaed non-parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced materials as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" - subject to the protective order.

19.    Nothing within this Order will prejudice the right of any Party or subpoenaed non-party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

20.    Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information designated as confidential information, provided that the contents of the information must not be disclosed.

21.    This Order will be without prejudice to the right of any Party or subpoenaed non-party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information.  The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure.

22.    Nothing within this order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

23.    Within ninety (90) days following the final termination of this action, including any and all appeals, counsel for each party must return all confidential information to the Party or subpoenaed non-party that produced the information, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides.  Should counsel decide to destroy/delete rather than return any of the applicable confidential information, counsel shall provide the party that produced such information with written certification that the destruction/deletion of all confidential information has been completed. Notwithstanding the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate confidential information, and will continue to be bound by this Order with respect to all such retained information.  Further, attorney work product materials that contain confidential information need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information.

24.    The restrictions and obligations set forth within this Order will not apply to any information that: (a) the Parties agree should not be designated confidential information; (b) the Parties agree, or the Court rules, is already public knowledge; (c) the Parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents in violation of this Order;

or (d) has come or will come into the receiving party's legitimate knowledge independently of the production by the designating party.  Prior knowledge must be established by pre-production documentation.

25.     The restrictions and obligations within this Order will not be deemed to prohibit discussions of any confidential information with anyone if that person already has or obtains legitimate possession of that information.

26.     Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

27.     This Order may be modified by agreement of the Parties, subject to approval by the Court.

28.     The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The Parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

29.     If another court or government agency subpoenas or orders production of material designated "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" that a Party has obtained under the terms of this Order, such Party shall, immediately or as soon as practicable, but in any event at least seven (7) days before such designated materials is required to be produced , notify the designating party of the pendency of the subpoena, public records request, or order, in writing, and unless compelled to do so by court order shall not produce the designated information until the designating party has either taken appropriate steps to protect the material, or notified the Party that no such steps will be taken.  It shall be the responsibility of the designating party to obtain relief from the subpoena, public records request, or order prior to the date of compliance, and, to give the designating party an opportunity to obtain such relief, the Party from whom the information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena, public records request, or other order.

30.     **Inadvertent Production of Privileged or Otherwise Protected Material**: When a Producing Party gives notice to receiving parties that certain inadvertently or mistakenly produced information, document, or thing is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  Such inadvertent or mistaken disclosure of such information, document, or thing shall not by itself constitute a waiver by the Producing Party of any claims of privilege or work-product immunity or other applicable protections.  However, nothing herein restricts the right of the receiving party to challenge the Producing Party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the Court.

Dated:  February 4, 2019

                                                                            _____
                                                                            Hon. Andrew G. Schopler
                                                                            United States Magistrate Judge

# EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, being duly sworn, state that:

1.      My address is _____.

2.      My present employer is _____ and the address of my present employment is _____.

3.      My present occupation or job description is _____.

4.      I have carefully read and understood the provisions of the STIPULATED PROTECTIVE ORDER in this case signed by the Court, and I will comply with all provisions of the Protective Order.

5.      I will hold in confidence and not disclose to anyone not qualified under the Protective Order any Confidential Material (defined as material designated as "CONFIDENTIAL" or "CONFIDENTIAL - FOR COUNSEL ONLY" or information derived from such materials) or any words, summaries, abstracts, or indices of Confidential Information disclosed to me.

6.      I will limit use of Confidential Material disclosed to me solely for purpose of this action.

7.      No later than the final conclusion of the case, I will return all Confidential Material and summaries, abstracts, and indices thereof which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I declare under penalty of perjury that the foregoing is true and correct.


Dated:_____        _____

- 14 -