THEODORE J. BOUTROUS JR., SBN 132099
tboutrous@gibsondunn.com
DANIEL G. SWANSON, SBN 116556
dswanson@gibsondunn.com
STEVEN E. SLETTEN, SBN 107571
ssletten@gibsondunn.com
SAMUEL LIVERSIDGE, SBN 180578
sliversidge@gibsondunn.com
JAY P. SRINIVASAN, SBN 181471
jsrinivasan@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA  90071-3197
Telephone:  213.229.7000
Facsimile:   213.229.7520

CYNTHIA RICHMAN (*pro hac vice*)
crichman@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
1050 Connecticut Avenue, N.W.
Washington, D.C. 20036-5306
Telephone:  202.955.8500

Attorneys for Defendant
CHEVRON U.S.A. INC.

*[Additional Counsel on Signature Pages]*

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSIAN GULF INC., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BP WEST COAST PRODUCTS LLC, et al.,<br><br>Defendants. | CASE NO. 3:15-cv-01749-L-AGS<br>Lead Case No. 3:18-cv-01374-L-AGS<br><br>**CLASS ACTION**<br><br>**DEFENDANTS' UNOPPOSED APPLICATION FOR RELIEF FROM THE COURT'S DISCOVERY ORDER AT DOCKET NUMBER 186** |
| RICHARD BARTLETT, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>BP WEST COAST PRODUCTS LLC, et al.,<br>Defendants. | Complaint Filed:  June 21, 2018<br>Consolidated Compl. Filed:  Aug. 8, 2018<br><br>Judge:  Hon. M. James Lorenz<br>Courtroom:  5B<br><br>Magistrate<br>Judge:  Hon. Andrew G. Schopler<br>Courtroom:  5th Fl (Ste 5160)<br><br>Trial Date:  Not Set |

1  Defendants Chevron U.S.A. Inc., Exxon Mobil Corporation, ExxonMobil Refining and Supply Co., and Phillips 66 ("Defendants") file this Application for Relief from the Court's Discovery Order at Docket Number 186 (the "Application"), which concerns motion practice related to a subpoena served on third party Consumer Watchdog. Counsel for Plaintiff Persian Gulf Inc. discussed this Application with counsel for Defendants and Plaintiffs do not oppose it. (Declaration of Steven E. Sletten ("Sletten Decl."), ¶ 1.)

1. Defendants are pursuing discovery from third-party Consumer Watchdog whose office is located in Los Angeles County, California. A subpoena *duces tecum* was served by Defendants on Consumer Watchdog on September 6, 2018 requiring production of documents on or before September 20, 2018 at 1517 Beverly Blvd., Los Angeles, California. Pursuant to the Federal Rules of Civil Procedure, any proceeding to enforce compliance with a subpoena served on Consumer Watchdog must be filed in the Central District of California, as the subpoena calls for the production of documents in that jurisdiction. Defendants have met and conferred with Consumer Watchdog extensively about the subpoena, and asked counsel for Consumer Watchdog to stipulate to have any potential dispute relating to the subpoena heard by the Court in the Southern District of California. (*Id.* at ¶ 2.) Counsel for Consumer Watchdog advised that he would not agree to this for, among other reasons, the fact that his office is in Los Angeles and relatively close to the federal courthouse in the Central District of California. There is thus much less burden for him to attend any hearings related to the dispute if those are conducted in Los Angeles. (*Id.*) Defendants prefer to have the dispute heard and resolved by this Court but considering the position of Consumer Watchdog they believe they have no options but to pursue motion practice relating to the Consumer Watchdog subpoena, if required, in the Central District of California.

2. Defendants submitted successive applications to extend the time to move to compel Consumer Watchdog's compliance with the terms of the subpoena largely for the sake of efficiency and to accommodate Consumer Watchdog's legitimate interest in allowing the Court time to consider and rule on a related motion to compel directed to the Plaintiffs and their counsel's communications with Consumer Watchdog. That motion to compel was granted by the Court at the conclusion of the hearing on January 24, 2019. Defendants immediately re-engaged with Consumer Watchdog to

secure a privilege log with sufficient detail to enable Defendants to evaluate the claims of privilege over various documents withheld from production. (*Id.* at ¶ 3.) That log was produced on February 12, 2019 at which time Defendants had for the first time information on most (but not all) of the withheld documents to enable them to engage in a meaningful meet-and-confer with Consumer Watchdog about its various claims of privilege. (*Id.* at ¶ 4.) Counsel for Defendants have met and conferred extensively with counsel for Consumer Watchdog in writing and telephonically, and have made progress narrowing the scope of the parties' disputes. (*Id.*) It is believed that less than 10 documents remain in contention. (*Id.*)

3. Pursuant to the Central District of California's Local Rule 37-2.2, any motion practice between Defendants and Consumer Watchdog will be conducted by the Joint Stipulation procedure, meaning Defendants will not initially be filing a motion but would instead serve on Consumer Watchdog their opening portion of the joint stipulation to which Consumer Watchdog would add its responsive section within seven (7) days thereafter. There is, therefore, no practical ability to pursue a motion to compel in the Central District on or before Friday, February 22. Defendants and Consumer Watchdog are both committed to promptly bringing any remaining disputes to the court in the Central District for consideration and commit to do that in the next 2-3 weeks. But considering that Consumer Watchdog will not submit to the jurisdiction of this Court and insists that any remaining disputes be presented to the Federal Court in Los Angeles, Defendants respectfully request that this Court relieve them of the Order at Docket Number 186 that would otherwise require them to bring a motion to compel relating to Consumer Watchdog on or before this Friday, February 22, 2019.

DATED: February 21, 2019                GIBSON, DUNN & CRUTCHER LLP

By: *s/ Steven E. Sletten*
STEVEN E. SLETTEN

Counsel for Defendant
CHEVRON U.S.A. INC.

| | | |
|---|---|---|
| 1 | DATED:  February 21, 2019 | WILSON TURNER KOSMO LLP |
| 2 | | By: *s/ Robin Wofford* |
| 3 | | ROBIN WOFFORD |
| 4 | | O'MELVENY & MYERS |
| 5 | | By: *s/ Dawn Sestito* |
| 6 | | DAWN SESTITO |
| 7 | | Counsel for Defendants<br>EXXON MOBIL CORPORATION |
| 8 | | EXXONMOBIL REFINING AND SUPPLY CO. |
| 9 | DATED:  February 21, 2019 | NORTON ROSE FULBRIGHT |
| 10 | | By: *s/ Joshua D. Lichtman* |
| 11 | | JOSHUA D. LICHTMAN |
| 12 | | Counsel for Defendant<br>PHILLIPS 66 |