ROBBINS GELLER RUDMAN & DOWD LLP
PATRICK J. COUGHLIN (111070)
STEVEN W. PEPICH (116086)
DAVID W. MITCHELL (199706)
ALEXANDRA S. BERNAY (211068)
CARMEN A. MEDICI (248417)
LONNIE A. BROWNE (293171)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
patc@rgrdlaw.com
stevep@rgrdlaw.com
davidm@rgrdlaw.com
xanb@rgrdlaw.com
cmedici@rgrdlaw.com
lbrowne@rgrdlaw.com

Attorneys for Plaintiff
[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSIAN GULF INC., Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> BP WEST COAST PRODUCTS LLC, et al., <br><br> Defendants. | Case No. 3:15-cv-01749-L-AGS <br><br> <u>CLASS ACTION</u> <br><br> DATE: June 26, 2019 <br> TIME: 2:00 PM <br> CTRM:        5C <br> JUDGE:   Hon. Andrew G. Schopler |

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR
AN ORDER PERMITTING DISCLOSURE OF HIGHLY CONFIDENTIAL
INFORMATION TO PLAINTIFF'S CONSULTANT

## I.      INTRODUCTION

Plaintiff[1] moves for an order overruling Defendants'[2] refusal to allow Plaintiff's consultant, Cody Rosenfield, access to highly confidential documents as detailed in the parties' Stipulated Protective Order (ECF No. 184, "Protective Order"). Defendants have unreasonably refused to allow Mr. Rosenfield access to highly confidential documents, despite the fact that Mr. Rosenfield has signed the Protective Order, agreeing to be bound by its terms and despite the fact that Defendants have designated nearly the entirety of their productions under the highest level of confidentiality, thus limiting greatly what Plaintiff's consultant may see.  Because Defendants have unreasonably withheld consent, Plaintiff requests the Court overrule Defendants' refusal and allow Mr. Rosenfield access to the documents necessary for him to assist Plaintiff in the litigation.[3]

## II.     THE PROTECTIVE ORDER

Under the terms of the Protective Order, the parties must provide a curriculum vitae ("CV") and notice prior to allowing an expert or consultant to access documents designated as highly confidential.  The Protective Order requires that the "Party seeking approval of an independent expert to access such confidential information must provide the Producing Party with the name and curriculum vitae of the independent expert."  Protective Order, ¶8(d).  Further, "[t]he right of any independent expert, including support staff employed by such expert, to receive confidential information designated 'CONFIDENTIAL – FOR COUNSEL ONLY' will be subject

---

[1]    "Plaintiff" refers to Plaintiff Persian Gulf Inc.

[2]    "Defendants" refers to Defendants Chevron U.S.A. Inc., ExxonMobil Refining & Supply Co., Exxon Mobil Corporation, Alon U.S.A. Energy, Inc., BP West Coast Products LLC, Equilon Enterprises LLC doing business as Shell Oil Products US, Phillips 66, Tesoro Refining & Marketing Company LLC, and Valero Marketing and Supply Company.

[3]    In accordance with CivLR 26.1, prior to filing this motion, the parties met and conferred telephonically on May 22, 2019 and were unable to resolve the matter.

to the advance approval of such expert by the Producing Party or by permission of the Court." *Id*.  Any objection must be made in writing within 14 days and approval "must not be unreasonably withheld." *Id*.[4]

On April 22, 2019, Plaintiff sent Defendants the name and CV of Mr. Rosenfield.  *See* Ex. 1.[5]  On May 3, Defendants sent Plaintiff a letter declining to provide the requested approval. Plaintiff responded to the letter on May 6, noting that Defendants failed to articulate a reasonable, non-speculative basis for their refusal and instead made defamatory and baseless claims against Mr. Rosenfield.  Additionally, Plaintiff reiterated that the operative Protective Order and Mr. Rosenfield's agreement to be bound by its terms subject to the Court's power to sanction, should assuage any concerns (however baseless) regarding Mr. Rosenfield's access to the documents. Plaintiff asked Defendants to reconsider and to withdraw their inflammatory letter. On May 13, 2019, Defendants wrote back and refused to reconsider the prior refusal and declined to withdraw the prior letter.  Now Plaintiff seeks the Court's assistance.

## III.   ARGUMENT

Where a party has agreed to be bound by a protective order and where the expert does not work for a party or a competitor, courts routinely overrule objections to disclosure.  *See Advanced Semiconductor Materials Am. v. Applied Materials*, No. C-95-20169 RMW (EAI), 1996 U.S. Dist. LEXIS 21459, at *8-*11 (N.D. Cal. Oct. 28, 1996); *Streck, Inc. v. Research & Diagnostic Sys.*, 250 F.R.D. 426, 430 (D. Neb. 2008); *High Point Sarl v. Sprint Nextel Corp.*, No. 09-2269-CM/DJM, 2013 U.S. Dist. LEXIS 17366, at *32-*33 (D. Kan. Feb. 8, 2013), *aff'd*, 817 F.3d 1325 (Fed. Cir. 2016); *Alcoa, Inc. v. Universal Alloy Corp.*, No. 1:15-CV-01466-ELR, 2016 U.S.

---

[4]   Plaintiff has not shared any "CONFIDENTIAL – FOR COUNSEL ONLY" documents with Mr. Rosenfield.

[5]   References to "Ex." are to the Exhibits attached to the Declaration of Alexandra S. Bernay in Support of Plaintiff's Motion for an Order Permitting Disclosures of Highly Confidential Information to Plaintiff's Consultant, filed concurrently.

1    Dist. LEXIS 187915, at *5-*6 (N.D. Ga. Mar. 2, 2016).  Those courts all recognize

2    that the presence of a protective order provides the necessary protections to litigants

3    concerned about possible disclosure.

4            Here, Defendants' refusal is all the more glaring as they have failed to provide a

5    concrete basis for refusing Plaintiff's request.  *Blankenship v. Hearst Corp.*, 519 F.2d

6    418, 426 (9th Cir. 1975) (party seeking protective order bears burden of showing good

7    cause).  A "'party cannot rely solely upon conclusory statements, "but must present

8    evidence of specific damage likely to result from disclosure"'"[6]  *BASF Corp. v. United*

9    *States*, 321 F. Supp. 2d 1373, 1378 (Ct. Int'l Trade 2004).  Defendants instead have

10   thrown a hodgepodge of baseless and inflammatory accusations at Mr. Rosenfield

11   instead of providing any concrete evidence of any damage likely to result from Mr.

12   Rosenfield's access to documents designated as highly confidential.

13           The *Alcoa* case is instructive.  There, Alcoa sought to change a protective order

14   claiming a concern that a proposed expert might seek to share confidential information

15   with Alcoa's competitors.  The court found this concern baseless as "the experts are

16   required to a sign a confidentiality agreement prior to being permitted to review any

17   confidential information."  *Alcoa*, 2016 U.S. Dist. LEXIS 187915, at *6.  The court

18   found that Alcoa "has not sufficiently shown this Court why the existing Protective

19   Order is insufficient."  *Id.* at *5.  The same result should be obtained here, particularly

20   where Defendants' claimed concerns are not related to competitively sensitive

21   information, but rather to amorphous concerns of activism and the like.[7]

22           *Advanced Semiconductor Materials Am.*, 1996 U.S. Dist. LEXIS 21459, at *8-

23   *11, is also helpful.  In that case, a party's "fear" that a consultant might work in the

24   industry and might later innocently misuse information "without more, is not

---

[6]    Citations are omitted and emphasis is added throughout, unless otherwise noted.

[7]    Courts find dispositive whether the proposed expert has consulted for a competitor. *See Verigy US, Inc. v. Mayder*, No. 07-04330, 2008 WL 4183493 (N.D. Cal. Sept. 8, 2008) (finding no risk of harm where the challenged experts had retired from the key competitor two years ago and did not have an ongoing relationship with the competitor).  These concerns do not exist as to Mr. Rosenfield.

1   sufficient to substantiate a risk" that outweighed the party's need for its expert.  *Id.* at

2   *10.  Instead, the court held "Dr. Sherman has agreed to be bound by the Protective

3   Order. Applied must look to the Protective Order and to the laws against theft of trade

4   secrets for its protection."  *Id*. at *10-*11.[8]

5        Additionally, Defendants have not explained how the Court's power to sanction

6   under the Protective Order does not provide enough protection to them.[9]  Rule 37

7   grants courts the authority to impose sanctions where a party has violated a discovery

8   order, including a protective order.  *See Westinghouse Elec. v. Newman & Holtzinger,*

9   *P.C.*, 992 F.2d 932, 935 (9th Cir. 1993); *United States v. Nat'l Med. Enters., Inc.*, 792

10   F.2d 906, 910 (9th Cir. 1986); *see also On Command Video Corp. v. LodgeNet Entm't*

11   *Corp.*, 976 F. Supp. 917, 921 n.2 (N.D. Cal. 1997) (Armstrong, J.).  No consultant,

12   including Mr. Rosenfield, would risk the serious sanctions that could be imposed by

13   the Court should they be found to have violated a Protective Order.  That consultant

14   would likely never work again.[10] Mr. Rosenfield has detailed and specific knowledge

15   regarding the very matters upon which this case centers and there are few experts who

16   are not conflicted because of prior (or current) work with the industry.

17

18

---

19   [8]   Cases where an expert was forbidden from accessing confidential materials are all
     wholly distinguishable. For example, in  *Wang Labs., Inc. v. CFR Assocs., Inc.*, 125
20   F.R.D. 10 (D. Mass. 1989), an expert was excluded because he had worked for the
     opposing party on the technology related to the patent at issue in the case. And in
21   *BASF*, 321 F. Supp. 2d 1373, the court, recognizing that a party could not rely on
     conclusory statements, but must present evidence of specific damage, held that the
22   proposed expert's involvement would be too hard to separate from the ongoing
     consultancy the expert had with the competitor.  These issues are not present here.

23   [9]   We note as well that Plaintiff has not objected to any of the experts or consultants
24   Defendants have put forth.

25   [10]   Defendants personal, defamatory and unprofessional attacks on Mr. Rosenfield do
     not provide a basis to deny him access to the documents Defendants have designated
26   as highly confidential.  Moreover, Mr. Rosenfield's experience, which Defendants
     also denigrate, has no relevance here.  Despite Defendants' invective, he is highly
27   experienced in the issues raised in this litigation. Further, the Protective Order does
     not include a *Daubert* style inquiry rendering Defendants' attacks on Mr. Rosenfield's
28   qualifications irrelevant.

1   Defendants' refusal in this case is especially concerning because Defendants

2   have marked vast swaths of documents as highly confidential.  This is despite the fact

3   that a review of these purportedly highly sensitive documents contain many publicly

4   available materials and other matter not contemplated to be given the highest level of

5   protection under the Protective Order.  Plaintiff seeks to have the designation removed

6   from many of Defendants' documents, but under the current designations, Mr.

7   Rosenfield is only able to view a small slice of the many thousands of documents

8   produced in this litigation.

9   **IV.   CONCLUSION**

10   Defendants have unreasonably withheld consent to allow Plaintiff's consultant

11   access to the vast majority of the materials produced in this action.  Mr. Rosenfield

12   has signed the Exhibit A to the Protective Order and the Court's ability to sanction

13   violations of the Protective Order provides the necessary protections to assuage

14   Defendants' purported concerns.  Plaintiff respectfully requests the Court overturn

15   Defendants' refusal so that Plaintiff can work with their chosen consultant to ready

16   this case for summary judgment and trial.

17   DATED:  May 22, 2019                       Respectfully submitted,

18                                              ROBBINS GELLER RUDMAN
19                                                & DOWD LLP
                                               PATRICK J. COUGHLIN
                                               STEVEN W. PEPICH
20                                             DAVID W. MITCHELL
                                               ALEXANDRA S. BERNAY
21                                             CARMEN A. MEDICI
                                               LONNIE A. BROWNE
22

23
                                                    s/ Alexandra S. Bernay
24                                             ALEXANDRA S. BERNAY

25                                             655 West Broadway, Suite 1900
                                               San Diego, CA  92101
26                                             Telephone:  619/231-1058
                                               619/231-7423 (fax)
27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ROBBINS GELLER RUDMAN
  & DOWD LLP
ARMEN ZOHRABIAN
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)

Attorneys for Plaintiff

Cases\4837-2892-7895.v1-5/22/19