UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSIAN GULF INC., <br><br> Plaintiff, <br><br> v. <br><br> BP WEST COAST PRODUCTS LLC, et al., <br><br> Defendants. | Case No.: 3:15-cv-01749-L-AGS <br><br> **CLASS ACTION** <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION OF DISCOVERY RULING** |

Pending before the Court in this putative class action alleging violation of antitrust laws is Plaintiff's motion to reconsider the Magistrate Judge's July 3, 2019 discovery order. (Doc. no. 239 ("Motion").) Defendants filed a joint opposition and Plaintiff replied. For the reasons which follow, Plaintiff's Motion is granted.

A district court's review of a magistrate judge's order on a non-dispositive motion is limited. Rulings on discovery matters are non-dispositive. See 28 U.S.C. § 636(b)(1)(A); Civ. Loc. R. 72.1(b). A district judge may reconsider a magistrate judge's ruling on a non-dispositive motion "where it has been shown that the magistrate's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. Proc. 72(a).

The parties entered into a stipulated protective order. (Doc. no. 184 ("Protective Order").) As relevant to Plaintiff's Motion, the Protective Order allows a party to designate discovery materials as "confidential – for counsel only" ("FCO"). (Protective Order ¶ 4.) The Protective Order was signed prospectively and without prior review of the discovery materials because "materials to be exchanged throughout the course of the litigation between the Parties *may* contain "confidential . . . commercial information," among other things. (Protective Order at 2,[1] citing Fed. R. Civ. Proc. 26(c)(1)(G) (emphasis added).) Accordingly, the initial FCO designations were left to the producing party to determine "only if, in the good faith belief of such Producing Party and its counsel, the information is among that considered to be most sensitive by the designating party, including but not limited to . . . highly sensitive commercial information." (Protective Order ¶4(b).) If materials were so designated, their sharing was limited to certain categories of individuals who agreed to be bound by the Protective Order.

At issue in this dispute is disclosure of certain Defendants' FCO-designated materials to Plaintiff's consultant Cody Rosenfield. The Protective Order allows for disclosure of such materials to independent experts as follows:

> (d) **Independent Experts** Any independent expert (testifying or otherwise) who is to receive or review confidential information must sign a copy of the form attached hereto as Exhibit A in advance of seeing or receiving such confidential information. The right of any independent expert, including support staff employed by such expert, to receive confidential information designated "CONFIDENTIAL - FOR COUNSEL ONLY" will be subject to the advance approval of such expert by the Producing Party or by permission of the Court. The Party seeking approval of an independent expert to access such confidential information must provide the Producing Party with the name and curriculum vitae of the independent expert. Any objection by the Producing Party to an independent expert receiving confidential information designated "CONFIDENTIAL – FOR COUNSEL ONLY" must be made in writing within fourteen (14) days following receipt of the identification of the expert

---

[1] Page numbers are as assigned by the Electronic Case Filing System.

> to whom access is proposed. "CONFIDENTIAL - FOR COUNSEL ONLY" information may be disclosed to an independent expert if the fourteen (14) day period has passed and no objection has been made. The approval of independent experts' access to "CONFIDENTIAL - FOR COUNSEL ONLY" information must not be unreasonably withheld[.]

(Protective Order ¶8(d).)

Plaintiff informed Defendants it intended to disclose FCO-designated materials to Mr. Rosenfield. Defendants objected on the grounds that they did not consider Mr. Rosenfield to be an expert, that for the same reason Plaintiff would not be prejudiced by inability to disclose FCO-designated documents to him, and that he poses an undue risk of public disclosure of the FCO-designated documents notwithstanding his signing of Exhibit A to the Protective Order. (Doc. no. 218-2 (May 3, 2019 letter from defense counsel Dawn Sestito to Plaintiff's counsel.) Plaintiff filed a motion seeking an order permitting disclosure. (Doc. no. 231.) On July 3, 2019, the Magistrate Judge held a hearing and denied Plaintiff's motion. (Doc. no. 236.) The issues raised in Defendants' May 3 letter were argued before the Magistrate Judge and are raised in opposition to Plaintiff's Motion. (*See* doc. no. 239-3 (Transcript of Official Electronic Sound Recording of Proceedings); doc. no. 255 ("Opp'n").)

The issue is governed by *Brown Bag Software v. Symantec Corp.,* 960 F.2d 1465 (9th Cir. 1992) ("*Brown Bag*), a copyright infringement action relating to computer software.[2] (*See* Opp'n at 11.) As here, the parties in *Brown Bag* entered into a stipulated protective order designating certain discovery materials as "attorneys' eyes only." *Id.* at

---

[2] The parties also cite a number of lower court opinions. "A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Camreta v. Green,* 563 U.S. 692 n.7 (2011).

1469.³ Subsequently, Brown Bag's in-house counsel was substituted into the case in place of its outside counsel. *Id.* Because the parties were competitors and the protective order was intended to shield trade secret information, Symantec moved for a protective order precluding disclosure of "attorneys' eyes only" materials to Brown Bag's in-house counsel. *Id.* The motion was granted. *Id.* Disclosure to Brown Bag's in-house counsel was prohibited, but Brown Bag could disclose the materials to "an independent consultant, legal or otherwise." *Id.*

On appeal, the Court observed that the "issue entails conflicting interests." *Brown Bag,* 960 F.2d at 1470. On one hand, the party seeking discovery is entitled to all information within the broad scope of Federal Rule of Civil Procedure 26(b)(1). *Id.* On the other hand, the producing party is protected from undue burden, including protection of trade secrets from public disclosure, as provided by Rule 26(c). *Id.* Accordingly, the Court considered the risk to Symantec "of inadvertent disclosure of trade secrets to competitors against the risk to Brown Bag that protection of Symantec's trade secrets impaired prosecution of Brown Bag's claims." *Id.* The Court elaborated:

> proper review of protective orders in cases such as this requires the district court to examine factually all the risks and safeguards surrounding inadvertent disclosure by any counsel, whether in-house or retained. Further, the nature of the claims and of a party's opportunity to develop its case through alternative discovery procedures factors into decisions on the propriety of such protective orders.

*Id.*

The evidence before the magistrate judge showed that Brown Bag's in-house counsel had been recently hired, the company had a total of approximately fourteen employees, and he was responsible for advising the company on a variety of legal issues, including contracts, marketing and employment. *Brown Bag,* 690 F.2d at 1471. The

---

³ Unless otherwise noted, internal quotation marks and citations are omitted throughout.

4

3:15-cv-01749-L-AGS

magistrate judge concluded that the in-house "counsel's employment would necessarily entail advising his employer in areas relating to Symantec's trade secrets" and would put him in an "untenable position of having to refuse" legal advice on certain issues "lest he improperly or indirectly reveal Symantec's trade secrets." *Id.*

On the other hand, the magistrate judge found no undue prejudice to Brown Bag if disclosure was limited to an independent consultant in lieu of the in-house counsel. *Brown Bag,* 690 F.3d at 1471. Brown Bag's prior outside counsel had already reviewed the "attorneys' eyes only" materials to develop the evidence relative to the pending summary judgment motions, trade secrets were not relevant to the issues raised in those motions, the discovery cut off had passed, and Brown Bag could use an independent consultant to review the materials in preparation for trial. *Id.* The magistrate judge's order was affirmed on appeal.

The issue raised by Plaintiff's Motion is disclosure to its consultant, who, unlike the in-house counsel in *Brown Bag,* is not affiliated with Defendants' competitors. Defendants are concerned that Mr. Rosenfield will disclose their sensitive business information because he had previously worked for and continues to have ties with consumer groups seeking greater transparency and more government oversight of Defendants' operations. Unlike in *Brown Bag,* Mr. Rosenfield is not an attorney. Signing Exhibit A to the Protective Order does not place him in an "untenable position" as was the case in *Brown Bag*, where failure to disclose confidential information to the client could constitute a breach of professional ethical obligations. It is not uncommon for experts and consultants to be retained over the course of their careers by parties holding opposing points of view and to receive sensitive confidential information in the process. Defendants' opposition is largely based on Mr. Rosenfield's refusal to withdraw his public statements about Defendants when Defendants believed they had contrary evidence, and the unspoken and unsupported assumption that Mr. Rosenfield's agreement to comply with the Protective Order lacks good faith. Defendants have not shown that

/ / / / /

5

Mr. Rosenfield is more likely than other independent experts to violate the Protective Order, whether intentionally or inadvertently.

Defendants further contend that Mr. Rosenfield does not qualify as an expert on the issues of gasoline pricing because he lacks a graduate degree or any degree in finance or economics.[4] Plaintiff has not designated him as an expert but is using him as a consultant to work in conjunction with its designated expert witness. Detailed provisions of Paragraph 8(d) of the Protective Order do not include a requirement that independent experts pass the standard established by *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579, 592-593 (1993). As there has been no indication that Mr. Rosenfield will be offering his opinions in court, an analysis of his qualifications under Rule 702 of the Federal Rules of Evidence is not required.

As is apparent from Plaintiff's complaint, Mr. Rosenfield has conducted extensive research into California gasoline market. (*See* doc. no. 76 *passim*.) His research and knowledge in this area were deemed sufficient for the Petroleum Market Advisory Committee of the California Energy Commission to include his presentation at its February 8, 2016 meeting, which is relevant time for this action. (*See* www.energy.ca.gov/data-reports/planning-and-forecasting/petroleum-market-advisory-committee (Feb. 8, 2016 meeting); doc. no. 76 (2015 price spikes).)

Finally, it is apparent from the record that Plaintiff has relied on Mr. Rosenfield's research of the California gasoline market since the inception of this case. (*See* Doc. no. 1-3 at 12, 18.) Although it may well be true that Plaintiff could locate another consultant regarding the gasoline market in general, finding one with detailed knowledge of the California market, the focus of Plaintiff's claims, would be a much harder task. (*See* doc. no. 86 at 2, 5-6.) At this stage of litigation, forcing Plaintiff to search for a comparable replacement would unduly impair the prosecution of its case.

---

[4] No particular level of education is required by Federal Rule of Evidence 702.

For the foregoing reasons, Plaintiff's motion is granted. Upon proof that Mr. Rosenfield signed Exhibit A to the Protective Order and on the terms provided in Paragraph 8(d) of the Protective Order, Defendants shall permit disclosure to Mr. Rosenfield of discovery materials designated as "confidential – for counsel only."

**IT IS SO ORDERED.**

Dated: September 27, 2019

_____
Hon. M. James Lorenz
United States District Judge