UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSIAN GULF INC., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>BP WEST COAST PRODUCTS LLC, et al.,<br><br>    Defendants. | Case No. 3:15-cv-1749-DMS-AGS<br><br>**ORDER DENYING ALON'S MOTION FOR SANCTIONS (ECF No. 336)** |
| RICHARD BARTLETT, et al., Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>BP WEST COAST PRODUCTS LLC, et al.,<br><br>    Defendants. | Case No. 18-cv-1374-DMS-AGS (consolidated with No. 18-cv-1377-DMS-AGS)<br><br>**ORDER DENYING ALON'S MOTION FOR SANCTIONS (ECF No. 213)** |

    The parties tell different stories about what happened here. Defendant claims that plaintiffs violated a Court Order, received an undeserved litigation advantage, and then used that advantage to waste defendant's time, effort, and money. Plaintiffs respond that they complied with a strict reading of this Court's Order. While there

is evidence on both sides, plaintiffs' strict reading is ultimately reasonable. So defendant's motion for Rule 37 sanctions is denied.

## BACKGROUND

In two related cases, plaintiffs claim that defendants—gasoline-refining and supplying companies in California—conspired to create an artificial gas shortage and thereby manipulate prices.[1]

### A.   Defendant Alon's Motion to Compel

On June 14, 2019, defendant Alon USA Energy, Inc., moved to compel a supplemental answer to Interrogatory 2, among other things. (*See, e.g.*, ECF No. 219-1, at 9.) That interrogatory asked plaintiffs to "[i]dentify and [d]escribe the basis for [plaintiffs'] allegations . . . that Alon's planned decision to temporarily shut down its Bakersfield refinery in April 2012 for maintenance of a hydrocracker was 'suspicious' and/or not based on safety, maintenance, economic, or other legitimate reasons." (*See* ECF No. 336-2, at 3.)

At a July 30, 2019 hearing on this motion, the Court began by tentatively ruling that it interpreted Interrogatory 2 as "Alon want[ing] to know the Rule 11 basis" for the identified allegation, "which does not require [plaintiffs] to describe all facts that [they] contend[] support[] the allegation or would be used at trial." (ECF No. 256, at 7.) In other words, the Court believed Alon was asking: "[W]hat did plaintiff base each of its claims on to satisfy Rule 11?" (*Id.*) The Court concluded that such "information should be readily available to anyone who files a complaint and finding out [plaintiffs'] Rule 11 basis is both relevant and permissible." (*Id.* at 7-8; *see also id.* at 8 (holding that Alon ultimately sought "factual information to form the basis of a Rule 11 motion").) In summarizing its tentative ruling, the Court's

---

[1] For ease, the Court will refer to "plaintiffs" as including all plaintiffs in both cases. All record citations will be to the older case, 15-cv-1749-DMS-AGS. Also, all ECF document page references are to the Court's Filed-stamped page number in the top righthand corner of each page, not the parties' page numbering at the bottom.

"bottom line" was that plaintiffs should be compelled to supplement their answers "limited to the basis of each allegation rather than everything that would be necessary or needed to prove the allegations at trial." (*Id.* at 12.)

After argument, the Court confirmed those tentative rulings. But the Court allowed that plaintiffs could provide the Rule 11 basis for their allegation by "identification, even simply witnesses and documents, so long as it's specific." (ECF No. 256, at 24.)

In August 2019, plaintiffs supplemented their response to Interrogatory 2. In addition to a narrative answer, plaintiffs identified "the following person/(s) or document/(s)" that "support Plaintiff[s'] allegations . . . that Alon's planned decision to temporarily shut down its Bakersfield refinery in April 2012 for maintenance of a hydrocracker was 'suspicious' . . . : Robert McCullough, the McCullough Research Group," and 52 specific documents. (*See* ECF No. 336-2, at 8-9.)

B.   **Alon's Rule 11 Motion**

On October 4, 2019, Alon moved for the Rule 11 sanction of dismissal. (*See generally* ECF No. 282.) Specifically, Alon argued that plaintiffs' counsel did not conduct a reasonable inquiry into the allegation that Alon suspiciously shut down its Bakersfield refinery in April 2012, because several publicly available documents— and some already in plaintiffs' possession—refute that claim. (*See* ECF No. 282, at 7-8.) Alon asserted that "not a single one of" the "52 other unique documents" plaintiffs mentioned in their supplemental responses had anything to do with the alleged April 2012 Bakersfield shutdown. (*Id.* at 14.) Instead, Alon claimed the only thing that supported plaintiffs' claim was a "single unsupported and unexplained reference to an Alon refinery shutdown (or restart) from the [2012] McCullough Memo," which plaintiffs' counsel did not confirm by "performing any independent investigation." (*Id.* at 11, 22.)

In their opposition, plaintiffs defend their general premise—that Alon was part of an industry-wide price-fixing scheme—but abandon the specific April 2012

allegation. (*See* ECF No. 294, at 8-13; *id.* at 25 (arguing that their proof shows "(1) the Bakersfield refinery was shut down between February 6, 2012 to May 9, 2012; [and] (2) the listing in the chart in Plaintiffs' Complaints that reflected April 20, 2012 as the shutdown date for the Bakersfield refinery was an immaterial error both to the Plaintiffs' conspiracy and agreement theories as detailed in the Complaints").) Critically, plaintiffs' opposition relies heavily on "[e]missions data from the San Joaquin Valley Air Pollution Control District." (*Id.* at 9; *see also id.* at 6, 9-10, 12-13, 15-16.) In fact, in the opposition's conclusion, plaintiffs mention only one specific piece of evidence: "The Bakersfield emission data fully supports the suspect conduct alleged." (*Id.* at 30.)

Alon's Rule 11 motion, and the question of whether plaintiffs have a good-faith basis for their allegations, is still pending before the District Judge.

### C. Alon's Motion for Rule 37 Sanctions

In response to plaintiffs' Rule 11 opposition papers—and their newfound reliance on the emission data as a Rule 11 basis for their allegations—Alon moved for Rule 37 discovery sanctions. Specifically, Alon argues that plaintiffs violated this Court's July 30, 2019 Order by failing to provide the emissions data as part of its Court-ordered supplemental responses. (*See generally* ECF No. 336-1.) Alon moves for an order: (1) precluding plaintiffs from "using the cited emissions data," (2) precluding plaintiffs from "asserting" new theories of how that data brings Alon within the price-fixing conspiracy, and (3) awarding monetary sanctions. (*Id.* at 20-21.)

**DISCUSSION**

If a party "fails to obey an order to provide or permit discovery," the Court "may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). The possible penalties include: evidentiary sanctions, outright dismissal, a contempt finding, and the payment of expenses. *See* Fed. R. Civ. P. 37(b)(2)(A)(i)-(vii), (b)(2)(C). Although failing to comply with a discovery order is sanctionable even when merely

"negligent," *see Lew v. Kona Hosp.*, 754 F.2d 1420, 1427 (9th Cir. 1985), it would not be just to impose sanctions based on a "reasonable and good faith interpretation of the order." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 289 F.R.D. 548, 553 (N.D. Cal. 2013) (discussing civil-contempt standard under Rule 37(b)).

### A. Plaintiffs' Rule 11 Basis: To Consider After-Acquired Facts or Not?

Plaintiffs first argue that this Court only ordered them to provide their Rule 11 basis as of the day they filed their complaint. Thus, any support for their good-faith basis discovered after that date was not within the ambit of this Court's July 30, 2019 Order. Yet most of the Court's discussion of the interrogatories was not backward-looking. (*See, e.g.*, ECF No. 256, at 11 ("[P]laintiffs still made the allegations mentioned in each interrogatory and *need* to have a good faith basis for those allegations") (emphasis added); *id*. at 24 ("[P]laintiffs should know what they *base* their allegations on in their complaint") (emphasis added).) And, more importantly, the discussion centered entirely on the appropriateness of probing the Rule 11 good-faith basis of their allegations. (*See generally id*. at 7-9, 13-15, 17-24.) As a matter of doctrine, such a good-faith basis may be based on "after-acquired evidence" and does not depend on "plaintiffs' attorneys' subjective knowledge at the time they filed the complaint." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 434-35 (9th Cir. 1996). In fact, an attorney who "fail[s] to conduct a reasonable inquiry" before filing a complaint that still turns out to be "well-founded" is not subject to Rule 11 sanctions. *Id.* at 434.

Thus, plaintiffs' reading of the Court's July 30, 2019 Order arguably frustrates its explicit point: to provide Alon "factual information" to potentially "form the basis of a Rule 11 motion." (ECF No. 256, at 8.) By reading the order so narrowly, plaintiffs deny Alon any after-acquired facts that formed their Rule 11 basis. This makes the Rule 11 issue before the District Judge much more difficult to adjudicate, as the parties are largely arguing past each other based on different information.

1	Worse yet, as Alon points out, plaintiffs seem to take contrary legal positions
2	in the Rule 37 sanctions litigation before this Court and the Rule 11 sanctions
3	litigation before the District Judge. In this current Rule 37 litigation, plaintiffs argue
4	that after-acquired evidence like the emissions data need not be turned over, as it did
5	not form their Rule 11 "basis" on the date the complaint was filed. (*See* ECF
6	No. 348, at 1.) In their Rule 11 response, however, they argue that their "basis" is
7	not defined by their subjective knowledge on the date of the complaint's filing, and
8	so the District Judge "must 'consider after-acquired factual evidence that would have
9	adequately supported the complaint.'" (ECF No. 294, at 27 (citation omitted).)

10	On the other hand, there are two parts of the July 30, 2019 transcript that
11	support plaintiffs' narrow reading of this Court's Order. First, the Court once
12	characterized Alon's Interrogatory as asking: "[W]hat *did* plaintiff base each of its
13	claims on to satisfy Rule 11[?]" (ECF No. 256, at 7-8 (emphasis added to highlight
14	past tense).) The Court also noted that it was inappropriate for plaintiffs to rely on
15	documents provided by other defendants in discovery, in part because that evidence
16	"could not have been the basis for any of the allegations that would be relevant for
17	the Rule 11" considerations. (*Id.* at 9.)

18	Notwithstanding these transcript vagaries, the Court rejects plaintiffs' reading
19	and concludes that its July 30, 2019 Order required the disclosure of after-acquired
20	evidence that would have supported plaintiffs' allegations. But the analysis does not
21	end there.

22	**B.	Was the Emissions Data Simply Proof that Supports McCullough?**

23	Although plaintiffs did not identify or provide the emissions data in their
24	supplemental responses, they did identify a witness—Robert McCullough—as their
25	good-faith basis, an option the Court explicitly invited. (*See* ECF No. 256, at 24
26	(ruling that plaintiffs could comply by "identification, even simply [identifying]
27	witnesses and documents, so long as it's specific").) And the Court also ordered that
28	plaintiffs need not provide "everything that would be necessary . . . to prove the

allegations at trial." (*Id.* at 8.) The remaining question, then, is: Was it enough for plaintiffs to identify McCullough and his opinions? Or, put another way: Did plaintiffs reasonably conclude that the emissions data was merely information that McCullough relied on, and thus not "basis" evidence that needed to be disclosed?

Alon answers these questions firmly in the negative. Alon essentially argues that plaintiffs used McCullough as a convenient mouthpiece for technical compliance with this Court's Order, while withholding the emissions data, which now is their chief Rule 11 basis. This view has some evidentiary support. For one, plaintiffs' heavy reliance on the emissions data in their opposition suggests that the data, at least at this point, makes up the actual basis for their allegations. Even in their supplemental responses, plaintiffs identified *other* defendants' emissions data as a "basis" of their allegations, which somewhat belies the contention that emissions data is just proof and not a basis. (*See* ECF No. 336-2, at 9.) Indeed, because plaintiffs only relied on other defendants' emissions data, this naturally gave Alon the negative inference that plaintiffs didn't have such data concerning Alon itself.

While troubling, none of these actions conclusively establish a violation of this Court's Order. And evidence also indicates that plaintiffs were trying to comply. For example, in their opposition to Alon's Rule 11 motion, plaintiffs offer the emissions data in the context of McCullough's opinions: it appears as a graph discussed in McCullough's declaration. (*See* ECF No. 294-13, at 4; ECF No. 296-11, at 4.) Indeed, plaintiffs don't actually provide the emissions data itself, just McCullough's discussion of it. (*See generally* ECF No. 294-13; ECF No. 296-11.) Perhaps most importantly—although plaintiffs argue at length about how the emissions data supports their cause—they ultimately claim that they engaged in an appropriate Rule 11 investigation by "properly consult[ing] with [their] expert in drafting the operative complaint." (ECF No. 294, at 20; *see id.* ("It is objectively reasonable for counsel to rely upon experts when filing suit.").)

In light of all this conflicting evidence, the Court concludes that plaintiffs' reading of its July 30, 2019 Order was reasonable and not in bad faith. Thus, plaintiffs' supplemental responses to Interrogatory 2 satisfied the July 30, 2019 Order. The Court warns plaintiffs, however, that this is a close call. Going forward, plaintiffs' counsel should err on the side of disclosure.

## CONCLUSION

Defendant Alon's motion for sanctions is **DENIED**.

Dated: March 2, 2020

Hon. Andrew G. Schopler
United States Magistrate Judge