| | |
|---|---|
| 1 | M. RANDALL OPPENHEIMER (S.B. #77649) |
| | roppenheimer@omm.com |
| 2 | CHARLES C. LIFLAND (S.B. #108950) |
| | clifland@omm.com |
| 3 | DAWN SESTITO (S.B. #214011) |
| | dsestito@omm.com |
| 4 | **O'MELVENY & MYERS LLP** |
| | 400 South Hope Street |
| 5 | Los Angeles, California  90071-2899 |
| | Telephone:  (213) 430-6000 |
| 6 | Facsimile:  (213) 430-6407 |
| 7 | ROBIN A. WOFFORD (S.B. # 137919) |
| | rwofford@wilsonturnerkosmo.com |
| 8 | FREDERICK W. KOSMO, JR. (S.B. # 138036) |
| | fkosmo@wilsonturnerkosmo.com |
| 9 | HUBERT KIM (S.B. # 204957) |
| | hkim@wilsonturnerkosmo.com |
| 10 | KATHERINE M. MCCRAY (S.B. # 243500) |
| | kmccray@wilsonturnerkosmo.com |
| 11 | **WILSON TURNER KOSMO LLP** |
| | 550 West C Street. Suite 1050 |
| 12 | San Diego, California  92101-3532 |
| | Telephone:  (619) 236-9600 |
| 13 | Facsimile:  (619) 236-9699 |
| 14 | *Attorneys for Defendant* |
| | EXXONMOBIL REFINING & SUPPLY |
| 15 | COMPANY |

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PERSIAN GULF INC., | Case No. 3:15-cv-01749-DMS-AGS |
| Plaintiff, | **CLASS ACTION** |
| v. | **JOINT MOTION AND STIPULATION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT [DOCKET 76]** |
| BP WEST COAST PRODUCTS LLC, et al., | |
| Defendants. | Complaint Filed:  July 7, 2015 |
| | Amended Complaint File: September 22, 2016 |
| | Judge:       Hon. Dana M. Sabraw |
| | Magistrate: Hon. Andrew G. Schopler |
| | Trial Date:  Not Set |

-1-

# NOTICE OF JOINT MOTION AND STIPULATION TO STRIKE PORTIONS OF THE FIRST AMENDED COMPLAINT [DOCKET 76]

**WHEREAS**, on September 22, 2016, Plaintiff Persian Gulf Inc. filed the operative First Amended Complaint, which included allegations that Defendant ExxonMobil Refining & Supply Co. ("ExxonMobil") intentionally "idled" or "hid" a tanker, the S/R American Progress, by having it "roam[] aimlessly" off the coast of Singapore in summer 2015;

**WHEREAS**, on February 4, 2020, ExxonMobil served Plaintiff with a motion under Rule 11 of the Federal Rules of Civil Procedure regarding such allegations;

**WHEREAS**, Plaintiff and ExxonMobil subsequently met and conferred and Plaintiff agreed to withdraw the allegations at issue (without agreeing with the propriety of the arguments set forth in the Rule 11 motion);

**WHEREAS**, Plaintiff and ExxonMobil agree that the withdrawal of the allegations identified below does not require further responsive pleadings;

**WHEREAS**, Plaintiff and ExxonMobil agree that good cause exists to strike the allegations identified below, which will reduce the number of issues at trial, thus preserving judicial and party resources;

**WHEREAS**, no other party who has appeared in this action opposes this Joint Motion and Stipulation;

**NOW THEREFORE, IT IS HEREBY STIPULATED** by and between Plaintiff and ExxonMobil, through their counsel of record, that the following language is stricken from the First Amended Complaint:

1) The second sentence from Paragraph 59: "But with its Torrance refinery offline, Exxon decided to hide one of the company's only U.S. flagged tankers in Singapore instead of using the ship to import gasoline and relieve the shortage. [Footnote.]"

2) The fourth sentence from Paragraph 59: "But rather than bring badly-

    needed imports to the market during the height of Southern California's gasoline price spike and summer driving season, Exxon kept the S/R American Progress in the U.S. Gulf Coast for four months before idling it in Singapore for seventy days.  [Footnote.]"

3) The fourth sentence from Paragraph 64: "Yet on June 20th, 2015, Exxon sent the tanker from Los Angeles all the way to Singapore, where the S/R American Progress idled and roamed aimlessly until August 31st. [Footnote.]"

4) The third sentence from Paragraph 66: "That Exxon kept one of its only 'Jones Act' tankers capable of resupplying the California market idle halfway across the world during a time of extreme need for domestic imports makes Exxon's purpose clear: to manipulate the gasoline market in California by creating an artificial shortage of gas supply that would drive up demand, prices, and profits."

**SO STIPULATED.**

Dated: March 11. 2020     By:    s/ *Dawn Sestito*
**O'MELVENY & MYERS LLP**
M. RANDALL OPPENHEIMER
CHARLES C. LIFLAND
DAWN SESTITO

**WILSON TURNER KOSMO LLP**
ROBIN A. WOFFORD
FREDERICK W. KOSMO, JR.
KATHERINE M. MCCRAY
HUBERT KIM

*Attorneys for Defendant*
EXXONMOBIL REFINING & SUPPLY CO.

Dated: March 11, 2020     By:    s/ *Jason Forge*
**ROBBINS GELLER RUDMAN & DOWD. LLP**
ALEXANDRA S. BERNAY
ARMEN ZOHRABIAN

| | |
|---|---|
| 1 | CARISSA J DOLAN |
| 2 | CARMEN A. MEDICI |
|   | DAVID W. MITCHELL |
| 3 | JENNIFER N. CARINGAL |
| 4 | LONNIE A. BROWNE |
|   | PATRICK J. COUGHLIN |
| 5 | STEVEN W. PEPICH |
| 6 | BRIAN O'MARA |
|   | EUGENE MIKOLAJCZYK |
| 7 | JASON A FORGE |

**HARTLEY LLP**
JASON HARTLEY

*Attorneys for Plaintiff*
PERSIAN GULF INC.

-4-

## Signature Certification

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to counsel for Plaintiff and that I have obtained the foregoing person's authorization to affix his or her electronic signature to this document.

By: s/*Dawn Sestito*
DAWN SESTITO