Michael R. Matthias (SBN 57728)
mmatthias@bakerlaw.com
**BAKER & HOSTETLER LLP**
11601 Wilshire Boulevard, Suite 1400
Los Angeles, CA 90025-0509
Telephone: 310-820-8800
Facsimile: 310-820-8859

Carl W. Hittinger (*pro hac vice*; PA 30250)
chittinger@bakerlaw.com
Jeffry W. Duffy (*pro hac vice*; PA 81670)
jduffy@bakerlaw.com
Tyson Y. Herrold (*pro hac vice*; PA 314262)
therrold@bakerlaw.com
Alyse F. Stach (*pro hac vice*; NY 4883278)
astach@bakerlaw.com
Jeanne-Michele Mariani (*pro hac vice*; PA 327000)
jmariani@bakerlaw.com
**BAKER & HOSTETLER LLP**
2929 Arch Street
Cira Centre, 12th Floor
Philadelphia, PA 19104-2891
Telephone: 215-568-3100
Facsimile: 215-568-3439
*Attorneys for Defendant*
*Alon USA Energy, Inc.*

# IN THE UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSIAN GULF INC.,<br><br>Plaintiff<br><br>v.<br><br>BP WEST COAST PRODUCTS LLC, et al.,<br><br>Defendants | No. 3:15-cv-01749-DMS-AGS<br><br>No. 3:18-cv-01374-DMS-AGS (consolidated with No. 3:18-cv-01377-DMS-AGS)<br><br>**CLASS ACTION**<br><br>**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ALON USA ENERGY, INC.'S MOTION FOR SANCTIONS UNDER RULE 11 AND 28 U.S.C. § 1927** |
| RICHARD BARTLETT, et al.,<br><br>Plaintiffs<br><br>v.<br><br>BP WEST COAST PRODUCTS LLC, et al.,<br><br>Defendants | |

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

# **TABLE OF CONTENTS**

**Page**

I.    INTRODUCTION ................................................................. 1

II.   STATEMENT OF FACTS ..................................................... 1

III.  ARGUMENT ...................................................................... 6

     A.    Plaintiffs' counsel's admissions at the February 4 Hearing fatally undermine Plaintiffs' opposition to Alon's sanctions motion ........................................................................ 6

     B.    The McCullough Emissions Chart falls short of providing the "evidentiary support" required by Rule 11 ........................ 9

     C.    Plaintiffs' counsel's recent admissions further support sanctions under 28 U.S.C. § 1927 ..................................... 13

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Ass'n of Women with Disabilities Advocating Access v. Mouet*,
No. 06-cv-2240, 2007 WL 173959 (S.D. Cal. Jan. 11, 2007)...........................14

*AtPac, Inc. v. Aptitude Solutions, Inc.*,
No. 2:10-cv-294, 2011 WL 13242817 (E.D. Cal. Apr. 12, 2011) ....................11

*Biestek v. Berryhill*,
139 S. Ct. 1148 (2019) ....................................................................................12

*Carbajal v. Warner*,
No. 10-cv-02862, 2014 WL 145305 (D. Colo. Jan. 14, 2014)..........................11

*In re Connetics Corp. Sec. Litig.*,
542 F. Supp. 2d 996 (N.D. Cal. 2008)................................................................7

*Doe v. City of San Diego*,
35 F. Supp. 3d 1233 (S.D. Cal. 2014) ................................................................8

*Flowrider Surf, Ltd. v. Pacific Surf Designs, Inc.*,
No. 3:15-cv-01879, 2016 WL 6565888 (S.D. Cal. Nov. 4, 2016)....................14

*Garr v. U.S. Healthcare*,
22 F.3d 1274 (3d Cir. 1994) ...............................................................................7

*Garvais v. Reliant Inventory Solutions, Inc.*,
No. 2:09-cv-0389, 2010 WL 4722260 (S.D. Ohio Nov. 15, 2010) ..................10

*Ideal Instruments, Inc. v. Rivard Instruments, Inc.*,
243 F.R.D. 322 (N.D. Iowa 2007).......................................................................8

*Jalin Realty Capital Advisors, LLC v. Hartford Cas. Ins. Co.*,
No. 11-cv-165, 2018 WL 2230919 (D. Minn. May 16, 2018)..........................11

*Johnson v. Mammoth Recreations, Inc.*,
975 F.2d 604 (9th Cir. 1992) ............................................................................13

*In re Keegan Mgmt. Co. Sec. Litig.*,
78 F.3d 431 (9th Cir. 1996) ..............................................................................14

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

*Mendez-Aponte v. Bonilla*,
  645 F.3d 60 (1st Cir. 2011) ................................................................. 11

*Prime Healthcare Servs. v. Humana Ins. Co.*,
  No. 16-cv-1097, 2018 WL 8131762 (C.D. Cal. Aug. 22, 2018) ........................ 7

*Sentis Grp., Inc. v. Shell Oil Co.*,
  559 F.3d 888 (8th Cir. 2009) ............................................................. 10

**Statutes**

28 U.S.C. § 1927 ......................................................................... 1, 13, 14

**Rules**

FRCP 26(a)(2)(B) ............................................................................. 12

FRE 1006 ................................................................................... 10

FRE 1101(b) ................................................................................ 10

FRCP 11 ................................................................................. *passim*

FRCP 12 .................................................................................... 13

FRCP 15(a) ................................................................................ 14

FRCP 16(b) ................................................................................ 14

FRCP 37 ................................................................................ 3, 4, 10

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# I.   INTRODUCTION

Plaintiffs have opposed Alon's motion for sanctions by relying almost entirely on a declaration of self-described economist Robert McCullough that purports to summarize emissions data from Alon's Bakersfield refinery. Though Plaintiffs were forced to admit after Alon's motion was filed that their complaints pled a false allegation about when Alon shut down that refinery, the emissions data—Plaintiffs argue—supports a newly concocted alternative theory for keeping Alon in the case. But at oral argument on Alon's motion for preclusion before Magistrate Judge Schopler on February 4, 2020 (the "February 4 Hearing"), Plaintiffs' counsel made the surprising admission that Plaintiffs *do not have*, and have never had and therefore never reviewed, the purported emissions data they have trumpeted to this Court. And on March 2, 2020, Judge Schopler stated that his earlier order required Plaintiffs to identify or produce the factual basis for their allegations against Alon, which Plaintiffs now claim is the emissions data they have not produced. Plaintiffs' attempt to cite to this Court supposed evidence they have never actually obtained, and their failure to timely identify or produce that supposed evidence in light of Judge Schopler's discovery order, constitute new information that discredits McCullough's declaration and further supports Alon's motion for sanctions under Rule 11 and 28 U.S.C. § 1927.

# II.   STATEMENT OF FACTS

On July 30, Judge Schopler ordered Plaintiffs to supplement their answer to Alon's interrogatory seeking the bases for the allegation in Persian Gulf, Inc.'s first amended complaint and Richard Bartlett and his co-plaintiffs' consolidated complaint (the "Operative Complaints") that Alon's 2012 Bakersfield refinery operations were "suspicious" ("Bakersfield Allegation"). Their response cited to an unsupported 2012 memorandum by Robert McCullough, Plaintiffs' expert[1], stating

---

[1] Mr. McCullough stated at his deposition that he did not know whether he would be testifying at trial in these matters.  (Second Supplemental Declaration of

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

Baker & Hostetler LLP
ATTORNEYS AT LAW

1  that Alon restarted its Bakersfield hydrocracker in April 2012, around the same
2  time as other refinery shutdowns. That evidence was demonstrably false, so Alon
3  served and then filed this motion for sanctions, arguing that Plaintiffs lacked Rule
4  11 evidentiary support for their key Bakersfield Allegation. Plaintiffs' lack of
5  support for the Bakersfield Allegation was particularly egregious because it was
6  that allegation on which Judge Lorenz twice based his denial of Defendants'
7  motions to dismiss as to Alon. (*See* Alon's Motion for Sanctions (ECF 282)[2].)

8      After promoting that false allegation throughout years of costly litigation,
9  Plaintiffs abandoned the Bakersfield Allegation in their opposition brief. (Plaintiff's
10 Opposition Brief (ECF 294)[3] at 1.) But Plaintiffs have not sought leave to amend
11 the Operative Complaints to delete the false allegation. Instead, focused only on
12 avoiding sanctions, Plaintiffs claim they now have evidence of a new and different
13 allegation that Alon's Bakersfield refinery was "on line until February 15, 2012 and
14 back on line no later than May 10, 2012." (*Id.* at 5.)

15     The "evidence" Plaintiffs point to in support of their new allegation against
16 Alon is simply a declaration by McCullough containing a chart purporting to
17 summarize emissions data from a Bakersfield Selas heater[4] for the first seven
18 months of 2012 (the "McCullough Emissions Chart"). (*See* Declaration of
19 Alexandra Bernay (ECF 316) Ex. C (Declaration of Robert McCullough dated
20

21 Carl W. Hittinger ("2nd Supp. Hittinger Decl.") Ex. 1 (McCullough Deposition
22 Transcript) at 304:1-4.)

23     [2] Also, At the February 4 Hearing on Alon's Preclusion Motion, Plaintiffs
24 admitted that the April 2012 allegation is not supported by the emissions data.
   (February 4, 2020 Hearing Transcript (ECF 359) at 11:7-8 ("But that specific date,
25 your honor, is not in any way – it's not supported by the emissions data."))

26     [3] ECF numbers herein refer to the Persian Gulf docket, No. No. 3:15-cv-
   01749-DMS-AGS.

27     [4] Notably, neither Plaintiffs nor McCullough claim that purported activity of
28 one of Alon's Selas heaters necessarily implies refinery operation or production.

October 21, 2019 ("McCullough Decl.")) ¶ 12.) The underlying data for the McCullough Emissions Chart has never been produced after five years of litigation. Instead, a footnote in the McCullough declaration refers, without further explanation or citation, to "Alon Bakersfield refinery CEM [*i.e.*, continuous emissions monitoring] data obtained from public records of San Joaquin Valley Air Pollution Control District[.]" (*Id.*)

Shortly after receiving Plaintiffs' opposition to this motion, Alon moved for Rule 37 sanctions and to preclude the McCullough Emissions Chart and the entirety of paragraph 12 of his declaration on the grounds that Plaintiffs had failed to produce that alleged supporting information in response to Judge Schopler's July 30 Order. (Alon's Preclusion Motion (ECF 336).) Plaintiffs' excuse for not providing McCullough's emission chart or the underlying data before was that they believed Judge Schopler's July 30 Order only required Plaintiffs to produce evidence they had acquired as of the time they filed the Operative Complaints.

At the February 4 Hearing (held after the instant motion was fully briefed) on Alon's preclusion motion, Judge Schopler stated "[m]y tentative order here would be, first, that plaintiffs violated my July 30, 2019 Order and that the district judge may consider that violation or not in Judge Sabraw's adjudication of the Rule 11 motion…" (ECF 359 at 8:10-13.) Also at that hearing, Plaintiffs made the astounding admission that *they do not have the heater emissions data underlying the McCullough Emissions Chart*.

| PLAINTIFFS' COUNSEL: | This emissions data which was publicly available – and by the way we still don't have – our expert cited it in his report in response to the Rule 11 sanctions motion[.] |
|---|---|

(ECF 359 at 10:24-11:1.)

| JUDGE SCHOPLER: | So, Mr. Forge, when was the emission data received? |
|---|---|
| PLAINTIFFS' COUNSEL: | First of all, we never received it. The expert referenced it in the process – and I'm not waiving any privilege here – the expert |

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ALON USA ENERGY, INC.'S MOTION FOR SANCTIONS
NO. 3:15-CV-01749-DMS-AGS; NO. 3:18-CV-01374-DMS-AGS

3

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

referenced it in the process of us putting together a response to the Rule 11 motion. So it was not before the complaint was filed. It was not before we provided our supplemental responses.

(ECF 359 at 15:22-16:4).) Significantly, Plaintiffs' admission that they never received or reviewed the emissions data—and therefore *never checked or confirmed the McCullough Emissions Chart*—makes that chart unreliable and inadmissible for the purposes of this motion, and warrants sanctions.

While Judge Schopler stated that his July 30 Order required Plaintiffs to identify or produce the McCullough Emissions Chart and the purported emissions data whether known at the time the complaints were filed or discovered thereafter, he refrained from ordering preclusion under Rule 37 because he found Plaintiffs had not acted in "bad faith." But he "warns plaintiffs, however, that this is a close call" and that "[g]oing forward, plaintiffs' counsel should err on the side of disclosure." (Order on Alon's Preclusion Motion (ECF 383) at 5, 7-8.) Judge Schopler made a point of highlighting the inconsistencies in Plaintiffs' stated positions before him on the Rule 37 motion and before this Court on the Rule 11/Section 1927 motion:

> [P]laintiffs' reading of the Court's July 30, 2019 Order arguably frustrates its explicit point: to provide Alon "factual information" to potentially "form the basis of a Rule 11 motion." (ECF No. 256, at 8.) By reading the order so narrowly, plaintiffs deny Alon any after-acquired facts that formed their Rule 11 basis. This makes the Rule 11 issue before the District Judge much more difficult to adjudicate, as the parties are largely arguing past each other based on different information.

(ECF 383 at 5-6.) And Judge Schopler further found:

> Worse yet, as Alon points out, plaintiffs seem to take contrary legal positions in the Rule 37 sanctions litigation before this Court and the Rule 11 sanctions litigation before the District Judge. In this current Rule 37 litigation, plaintiffs argue that after-acquired evidence like the emissions data need not be turned over, as it did not form their Rule 11 "basis" on the date the complaint was filed. (*See* ECF No. 348, at 1.) In their Rule 11 response, however, they argue that their "basis" is not defined by

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ALON USA ENERGY, INC.'S MOTION FOR SANCTIONS
NO. 3:15-CV-01749-DMS-AGS; NO. 3:18-CV-01374-DMS-AGS

4

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

their subjective knowledge on the date of the complaint's filing, and so the District Judge "must 'consider after-acquired factual evidence that would have adequately supported the complaint.'" (ECF No. 294, at 27 (citation omitted).)

(*Id.*) Judge Schopler found all this conduct by Plaintiffs' counsel "troubling," thereby leaving it to this Court to determine its significance in the context of this pending sanctions motion. (*Id.* at 7.)

Putting aside what Plaintiffs knew and when, the McCullough declaration does not state that McCullough himself *ever* possessed or personally reviewed the data underlying his chart. On the contrary, the undisputed record indicates that he did not:

- Plaintiffs failed to produce any emissions data related to Alon in response to Judge Schopler's July 30 Order–but they should have, if it was in their retained expert McCullough's possession. Judge Schopler stated that "because plaintiffs only relied on other defendants' emissions data, this naturally gave Alon the negative inference that plaintiffs didn't have such data concerning Alon itself." (Order on Alon's Motion for Preclusion at 7.)

- McCullough failed to produce any Alon emissions data in response to an earlier document subpoena that included an explicit request for emissions data relating to Defendants. (2nd Supp. Hittinger Decl. Ex. 2 (Subpoena to McCullough Research dated September 20, 2018) at Request No. 6.)

- McCullough stated in response to a recent subpoena served by defendant Equilon Oil Enterprises (d/b/a Shell Oil Products U.S.) (the "Shell Requests") that:

  [T]here may be other documents that were considered at the time the November 15, 2012 Report was drafted **that were not retained**. As stated during the deposition of Robert McCullough, the report was "for a pro bono client. It was not an expert report in the normal litigation sense."

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ALON USA ENERGY, INC.'S MOTION FOR SANCTIONS
NO. 3:15-CV-01749-DMS-AGS; NO. 3:18-CV-01374-DMS-AGS

5

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

(2nd Supp. Hittinger Decl. Ex. 3 (McCullough Research Responses and Objections to Shell Requests dated March 12, 2020) at Nos. 1-4 (emphasis added).) At his deposition, McCullough testified, "[a]nd so, yes, there would probably have been more documentation if this was filed testimony." (2nd Supp. Hittinger Decl. Ex. 1 at 246:1-9.) If the heater emissions data was destroyed by McCullough and is no longer available, it would be likely further sanctionable for Plaintiffs to continue to assert their new allegations knowing that they do not have the underlying support for it.

- McCullough's deposition testimony suggests that unidentified staff employed by McCullough's consulting firm, and not McCullough himself, were the ones to collect and review the kinds of data that would go into creating the McCullough Emissions Chart. (*See* 2nd Supp. Hittinger Decl. Ex. 1 at 213, 253, Exs.138, 142.)

## III.   ARGUMENT

Based upon the more fully developed record, Plaintiffs have failed to produce the alleged underlying emissions data despite a court order and many opportunities to do so. After many years of costly litigation Plaintiffs have abandoned the single allegation against Alon that Judge Lorenz twice found tied Alon to a purported conspiracy with the other Defendants—in other words, the single allegation that Judge Lorenz relied on to deny Alon's motions to dismiss. For years, Plaintiffs proceeded with their baseless claim against Alon, prompting Alon to file this motion for sanctions. And now, Plaintiffs' counsel's startling admission that they have not investigated their new allegation at all makes clear that sanctions should be granted against Plaintiffs and their counsel and that there is no basis for keeping Alon in these cases any longer.

### A. Plaintiffs' counsel's admissions at the February 4 Hearing fatally undermine Plaintiffs' opposition to Alon's sanctions motion

The McCullough declaration states that the data allegedly underlying the McCullough Emissions Chart was "obtained from public records"—yet, at the February 4 Hearing, Plaintiffs' counsel admitted in response to Judge Schopler's

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ALON USA ENERGY, INC.'S MOTION FOR SANCTIONS
NO. 3:15-CV-01749-DMS-AGS; NO. 3:18-CV-01374-DMS-AGS

6

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

1   direct inquiry that they "still don't have" and "never received" that data. (ECF 359

2   at 10:24-11:1, 15:22-16:4).) In light of this pivotal admission, Plaintiffs cannot

3   properly rely on the McCullough Emissions Chart to defeat Alon's pending motion

4   for sanctions.

5        First, Plaintiffs have not tried to amend their Operative Complaints to assert

6   the new allegation allegedly supported by the McCullough Emissions Chart. Even

7   if they did, their inquiry into the new allegation would fall woefully short of what is

8   required under Rule 11. "The Ninth Circuit has emphasized the affirmative duty

9   Rule 11 places on counsel to make further inquiries where necessary to ensure their

10  pleadings are well-grounded in fact, noting that counsel may not avoid the sting of

11  Rule 11 sanctions by operating under the guise of a pure heart and empty head."

12  *Prime Healthcare Servs. v. Humana Ins. Co.*, No. 16-cv-1097, 2018 WL 8131762

13  at *6 (C.D. Cal. Aug. 22, 2018) (Phillips, C.J.) (quotations and citations omitted).

14  Here, Plaintiffs' counsel has admitted that when presented with the McCullough

15  Emissions Chart, *they made no further inquiry at all*, and so they could not possibly

16  satisfy the Ninth Circuit's requirement to conduct one.

17       Plaintiffs' counsel's failure fits squarely within cases that find sanctions

18  warranted. In *In re Connetics Corp. Sec. Litig*., where a private plaintiff's complaint

19  merely "lifted" allegations from an SEC complaint, the court found that there was

20  no adequate investigation, because plaintiffs' counsel had a "nondelegable

21  responsibility" to personally validate the papers they filed. 542 F. Supp. 2d 996,

22  1004-06 (N.D. Cal. 2008) (striking noncompliant allegations of complaint under

23  Rule 11 and granting defendants' motion to dismiss, while giving plaintiffs leave to

24  amend "after conducting an independent, reasonable investigation as required by

25  Rule 11(b)") (internal citations and quotations omitted); *see also Garr v. U.S.*

26  *Healthcare*, 22 F.3d 1274 (3d Cir. 1994) (finding that reliance on a newspaper

27  article and another complaint was not a reasonable investigation and violated Rule

28

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ALON USA ENERGY, INC.'S MOTION FOR SANCTIONS
NO. 3:15-CV-01749-DMS-AGS; NO. 3:18-CV-01374-DMS-AGS

7

11). Accordingly, this Court should not allow Plaintiffs to deflect Rule 11 liability by presenting new allegations that would likewise violate Rule 11.

Second, Plaintiffs argued in their opposition that they are entitled to rely on "after-acquired" (*i.e.*, post-complaint) evidence in this Circuit in order to defeat a sanctions motion (ECF 294 at 22), but have now admitted that they have never actually acquired the alleged evidence they seek to rely on. Thus, the cases Plaintiffs cite allowing after-acquired evidence to defeat a sanctions motion are inapposite and do not provide a basis for denying sanctions.

Third, by admitting that Plaintiffs' counsel have never actually reviewed the alleged underlying emissions data, they concede that they are solely relying on their unvetted expert as a source for a factual allegation against Alon, which is not permitted. *See Doe v. City of San Diego,* 35 F. Supp. 3d 1233, 1237 (S.D. Cal. 2014) (Anello, J.) ("The law is clear ... that an expert report cannot be used to prove the existence of facts set forth therein."), *citing In re Citric Acid Litig*., 191 F.3d 1090, 1101-02 (9th Cir. 1999) (in a price fixing litigation, attempts to rely on market share statistics contained in an unproduced internal document cited in the report of its economic expert was deemed not part of the record). The blind reliance on a purported unvetted expert has been found to warrant Rule 11 and Section 1927 sanctions. *See Ideal Instruments, Inc. v. Rivard Instruments, Inc.*, 243 F.R.D. 322, 342-43 (N.D. Iowa 2007) (awarding Rule 11 sanctions because Rivard's reliance on data resulting from a test conducted by its "expert" was objectively unreasonable where any reasonable inquiry would have alerted counsel to the test's flaws and there was "simply no excuse for Rivard and its counsel to assert that they relied on an 'expert' for the basis" of its motion because Rivard and its counsel "shirked their responsibilities to conduct a reasonable investigation or inquiry" about the test results before filing their motion). Plaintiffs' counsel here cannot simply blindly rely on their unvetted expert's statement and chart without conducting any inquiry into its accuracy.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ALON USA ENERGY, INC.'S MOTION FOR SANCTIONS
NO. 3:15-CV-01749-DMS-AGS; NO. 3:18-CV-01374-DMS-AGS

8

Finally, it is undisputed that Plaintiffs' counsel falsely and repeatedly alleged in their Operative Complaints and numerous subsequent filings that Alon shut down its hydrocracker in April 2012. As Alon pointed out in its reply brief, Plaintiffs could have at any time verified the falsity of their allegation by examining publicly available documents concerning Alon's California operations and could have taken steps to amend the Operative Complaints after Alon affirmatively supplied them with information notifying them of their error. (ECF 282 at 1, 7-9.) Now, in the course of trying to defeat Alon's sanctions motion, Plaintiffs allege there is another piece of evidence that purportedly supports a new allegation—but not one found in the Operative Complaints—against Alon and that that information *was also publicly available*, but not accessed by Plaintiffs' counsel. (*See* ECF 294.) There is no excuse for Plaintiffs' counsel's repeated failure to consult publicly available information at the time they filed their Operative Complaints, or during the months after Alon alerted them to their mistake, including the safe harbor period afforded by Rule 11, and, egregiously, when trying to find additional information in their desperate quest to avoid sanctions and keep Alon in this case. Accordingly, Plaintiffs' counsel has failed at every stage to adequately investigate Plaintiffs' claims against Alon, so sanctions are warranted, including dismissal with prejudice of Alon from these cases.

### B. The McCullough Emissions Chart falls short of providing the "evidentiary support" required by Rule 11

Rule 11 allows for reliance on "factual contentions [that] have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Rule 11(b)(3). Plaintiffs cannot meet this standard because the McCullough Emissions Chart is inadmissible under the Federal Rules of Evidence ("FRE")—and even if the FRE do not apply, it does not have the requisite "indicia of reliability" to allow the Court to consider it in ruling on Alon's motion for sanctions.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ALON USA ENERGY, INC.'S MOTION FOR SANCTIONS
NO. 3:15-CV-01749-DMS-AGS; NO. 3:18-CV-01374-DMS-AGS

9

FRE 1101(b) states that the FRE apply to "cases and proceedings," specifically, "contempt proceedings" and, relevantly here, none of the exceptions in section (d) apply to sanctions proceedings. In the Rule 11 hearing held in *Garvais v. Reliant Inventory Solutions, Inc.*, the court, citing FRE 1101, analogized an evidentiary hearing on a sanctions motion to a "contempt proceeding" and thus applied the FRE to the record before it and excluded hearsay from its determination. No. 2:09-cv-0389, 2010 WL 4722260 at *4-5 (S.D. Ohio Nov. 15, 2010). Here, the McCullough Emissions Chart is inadmissible to determine whether sanctions are appropriate because Plaintiffs cannot satisfy FRE 1006. That rule allows a proponent to use a summary to "prove the content of voluminous writings, recordings, or photographs that cannot be conveniently examined in court." But it allows the use of such a summary *only* where the proponent makes the original records—here, the underlying emissions data—available to the other parties. *See* FRE 1006 ("The proponent must make the originals or duplicates available for examination or copying, or both, by other parties at a reasonable time and place.") The Court should disregard the McCullough Emissions Chart in deciding this sanctions motion because Plaintiffs have not produced and do not even have the underlying data that the chart purports to summarize.

Even if the Court does not apply the strict requirements of the FRE on this motion, courts have still required that evidence submitted in response to a sanctions motion have some "indicia of reliability." The McCullough Emissions Chart completely fails that standard. *See Sentis Grp., Inc. v. Shell Oil Co.*, 559 F.3d 888, 901 (8th Cir. 2009) (awarding sanctions under FRCP 37 and the district court's inherent authority and rejecting an affidavit containing multiple layers of hearsay because "evidence relied upon must, at a minimum, bear indicia of reliability.")[5]

---

[5] Other courts have followed the Eighth Circuit's "indicia of reliability" standard in determining whether evidence may be considered in the context of a sanctions motion. *See, e.g.*, *AtPac, Inc. v. Aptitude Solutions, Inc.*, No. 2:10-cv-294,

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

First, without being able to review the alleged data that underlies the McCullough Emissions Chart, the Court—like Alon—is unable to determine whether the McCullough Emissions Chart is accurate, whether it is complete, distorted, or cherry-picked, or whether there are contextual elements missing that would contradict McCullough's inference about Alon's refinery operations. As discussed above, the FRE do not allow the use of evidence that cannot be subject to judicial examination, and at least one Circuit Court has rejected such evidence in a Rule 11 context. *See Mendez-Aponte v. Bonilla*, 645 F.3d 60, 68-69 (1st Cir. 2011) (upholding Rule 11 sanctions where plaintiff's only evidentiary support was plaintiff's sworn affidavit, which contained conclusory allegations. The court found that such a filing did not have "any promise of likely evidentiary support."). Accordingly, without the alleged underlying data, the McCullough Emissions Chart is inherently unreliable for the purposes of defeating sanctions.

Second, as discussed above, it is unclear where, when, or by whom the recently provided McCullough Emissions Chart was created. McCullough's deposition testimony indicates that other individuals in his firm, but not McCullough himself, regularly review the type of data that would make up the McCullough Emissions Chart. (*See* 2nd Hittinger Decl. Ex. 1 at 213, 253, Exs.138, 142.) Critically, it is unclear who, if anyone, ever reviewed the underlying emissions data to confirm the accuracy of the McCullough Emissions Chart. What we do know, however, is that Plaintiffs' counsel never confirmed the chart's accuracy and that McCullough and Plaintiffs repeatedly failed to produce the underlying data in response to discovery requests and Judge Schopler's order so that others could verify it. Without answers to these important questions—and the

---

2011 WL 13242817 at *1 (E.D. Cal. Apr. 12, 2011) (Shubb, J.); *Carbajal v. Warner*, No. 10-cv-02862, 2014 WL 145305 at *2-3 (D. Colo. Jan. 14, 2014); *Jalin Realty Capital Advisors, LLC v. Hartford Cas. Ins. Co.*, No. 11-cv-165, 2018 WL 2230919 at *3 (D. Minn. May 16, 2018).

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ALON USA ENERGY, INC.'S MOTION FOR SANCTIONS
NO. 3:15-CV-01749-DMS-AGS; NO. 3:18-CV-01374-DMS-AGS

11

ability to confirm the accuracy of the chart and cross examine those responsible for creating it—the McCullough Emissions Chart cannot be relied upon for sanctions purposes.

Third, the McCullough Emissions Chart is unreliable for the reasons that underlie the requirement that in federal court "an expert witness must produce all data she has considered in reaching her conclusions." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (citing Fed. Rule Civ. Proc. 26(a)(2)(B)). McCullough has not done so.

Fourth, as discussed in Alon's reply brief (ECF 304 at 9-10), McCullough lacks the necessary credentials to be deemed an expert qualified to opine on emissions data, assuming that Plaintiffs still intend to call him as an expert (*see supra* at fn. 1). McCullough is an academic economist who has worked almost exclusively in the electricity utility sector. Nothing in his credentials or experience suggests that he is qualified to interpret refinery emissions data. (*see* ECF 304 at 9-10.) Accordingly, his (or one of his employee's) summary of yet-to-be-produced emissions data, and his inferences from that purported data, cannot be considered reliable.[6]

Sixth, Plaintiffs argued in their opposition that they are somehow immunized from sanctions because they relied on McCullough in drafting their complaints, and McCullough made a "scrivener's" error in his 2012 report (ECF 294 at 1, 15-16). As discussed above and in Alon's reply brief, that argument is completely unfounded. (ECF 304 at 10-12.) Yet, even after being forced to abandon a false

---

[6] Plaintiffs recently seemingly admitted that McCullough's work does not meet the reliability standard for traditional expert reports because it was "for a pro bono client." (*See* 2nd Supp. Hittinger Decl. Ex. 3 at Responses to Request Nos. 1-4 ("[T]here may be other documents that were considered at the time the November 15, 2012 Report was drafted that were not retained. As stated during the deposition of Robert McCullough, the report was 'for a pro bono client. It was not an expert report in the normal litigation sense.'")

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ALON USA ENERGY, INC.'S MOTION FOR SANCTIONS
NO. 3:15-CV-01749-DMS-AGS; NO. 3:18-CV-01374-DMS-AGS

12

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

allegation that McCullough admittedly supplied for them, they intend to blindly rely on McCullough once again. McCullough's track record of unexplained errors *in this very case* militates against finding his unsupported assertions with respect to Alon are reliable in any way.

### C. Plaintiffs' counsel's recent admissions further support sanctions under 28 U.S.C. § 1927

Alon's motion also seeks Section 1927 sanctions because Plaintiffs' counsel were unreasonable and vexatious in continuing to assert the April 2012 allegation while information proving its falsity was readily available to them. (ECF 282 at 22-24.) After admitting in their opposition brief and in open court at the February 4 Hearing that they have no support for that allegation, Plaintiffs' counsel have *still* not asked the Court for leave to amend their Complaint, presumably because they are loath to subject their allegations to a plausibility assessment under Rule 12.[7] Indeed, Plaintiffs would be unable to meet the "good cause" standard for leave to amend—they have admitted that the 2012 emissions data purportedly supporting their new allegation was publicly available, yet they failed by 16 months to timely seek leave to amend before Judge Schopler's November 15, 2018 amendment deadline (*see* ECF 163 at ¶ 2). *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (affirming denial of leave to amend and explaining: (1) Rule 16(b)'s more rigorous "good cause" standard, rather than Rule 15(a)'s "liberal" justice-so-requires standard, applies after the expiration of the amendment

---

[7] Plaintiffs recently tried to add their new allegation against Alon through a negotiation for changes to the complaints with another defendant. During the negotiations with co-defendant ExxonMobil for the recently filed and approved stipulation for amending the Operative Complaints as to ExxonMobil alone, Plaintiffs presented ExxonMobil's counsel with proposed amendments to its allegations against *Alon*. ExxonMobil's counsel told Plaintiffs that they would have to seek agreement from Alon for such an amendment, but Plaintiffs' counsel never reached out to Alon's counsel. Alon believes that any amendment as to Alon should be subject to the applicable rules for amendment.

deadline in a scheduling order, (2) the good cause standard focuses primarily on the moving party's diligence in seeking amendment, and (3) the moving party bears the burden of proving diligence); *see also Flowrider Surf, Ltd. v. Pacific Surf Designs, Inc.*, No. 3:15-cv-01879, 2016 WL 6565888, at *1-2 (S.D. Cal. Nov. 4, 2016) (Benitez, J.) (finding no good cause and denying leave to amend requested five months after amendment deadline in scheduling order where the information forming the basis for the amendment was publicly available and accessible on government website when original pleading was filed).

Thus, Plaintiffs' untimely assertion of new and unsupported allegations is itself sanctionable conduct under Section 1927. And it is now perfectly clear that Plaintiffs' counsel did not confirm the accuracy of the McCullough Emissions Chart because they admittedly never received the underlying data. It is well established in the Ninth Circuit that continuing to pursue a claim under those circumstances is by itself sanctionable under Section 1927. *In re Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) ("Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent.") (internal quotations and citations omitted); *Ass'n of Women with Disabilities Advocating Access v. Mouet*, No. 06-cv-2240, 2007 WL 173959, *4-5 (S.D. Cal. Jan. 11, 2007) (Miller, J.) (granting § 1927 sanctions in American with Disabilities Act case where plaintiff's counsel failed to dismiss frivolous claims, necessitating summary judgment motion, even after learning that facility at issue had been closed to the public for two years and thus was not subject to the ADA).

Based on the above and all the reasons set forth in Alon's opening and reply briefs on this motion, this Court should sanction Plaintiffs and their counsel and grant the relief requested by Alon.

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ALON USA ENERGY, INC.'S MOTION FOR SANCTIONS
NO. 3:15-CV-01749-DMS-AGS; NO. 3:18-CV-01374-DMS-AGS

14

Dated: April 2, 2020

**BAKER & HOSTETLER LLP**

By:   /s/ *Carl W. Hittinger*
       CARL W. HITTINGER
       JEFFRY W. DUFFY
       TYSON Y. HERROLD
       ALYSE F. STACH
       JEANNE-MICHELE MARIANI
       MICHAEL R. MATTHIAS

       *Attorneys for Defendant*
       *ALON USA ENERGY, INC.*

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ALON USA ENERGY, INC.'S MOTION FOR SANCTIONS
NO. 3:15-CV-01749-DMS-AGS; NO. 3:18-CV-01374-DMS-AGS

15

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2020, I electronically transmitted the document identified below using the Court's CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel in this matter, all counsel being registered to receive electronic filings:

**SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ALON USA ENERGY, INC.'S MOTION FOR SANCTIONS UNDER RULE 11 AND 28 U.S.C. § 1927**

By: */s/ Carl W. Hittinger*
CARL W. HITTINGER

*Attorney for Defendant*
ALON USA ENERGY, INC.

Baker & Hostetler llp
Attorneys at Law

SUPPLEMENTAL MEMORANDUM IN SUPPORT OF ALON USA ENERGY, INC.'S MOTION FOR SANCTIONS
NO. 3:15-CV-01749-DMS-AGS; NO. 3:18-CV-01374-DMS-AGS

16