1
2
3
4
5
6
7

8          **UNITED STATES DISTRICT COURT**

9          **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   PERSIAN GULF INC.,                    Case No. 3:15-cv-01749-DMS-AGS

12          Plaintiff,                     Lead Case No. 3:18-cv-01374-DMS-
                                           AGS (consolidated with Case No.
12          v.                             3:18-cv-01377-DMS-AGS)

13
     BP WEST COAST PRODUCTS LLC, et
14   al.,                                  **ORDER DENYING TESORO
                                           REFINING AND MARKETING
15          Defendants.                    COMPANY'S MOTION FOR
                                           SANCTIONS UNDER RULE 11**
16   RICHARD BARTLETT, et al.,

17          Plaintiffs,

18          v.

19   BP WEST COAST PRODUCTS LLC, et
     al.,
20
            Defendants.
21

22          These antitrust cases were recently reassigned to the undersigned Judge.

23   Generally, the cases allege Defendants conspired to manipulate the gasoline market in

24   California, and caused historically high retail prices in 2012 and 2015.  One of the cases

25   has been pending in this Court for more than four years (Case No. 15cv1749), and the

26   other has been pending in this Court for almost two years (Case No. 18cv1374).  In that

27   time, the parties have filed, and the Court (the Honorable M. James Lorenz) has ruled

28   on, three motions to dismiss, the last ruling issuing on May 17, 2019.  The parties are

-1-

currently engaged in heavy discovery practice amongst themselves and before the Magistrate Judge.

A few days after the cases were reassigned to the undersigned, Defendant Tesoro Refining and Marketing Company filed the present motions for sanctions pursuant to Federal Rule of Civil Procedure 11.[1]  The focus of the motions is an allegation in the Complaints that "Tesoro CEO Geoff Goff told investors that the company could continue to operate refineries indefinitely with reduced staffing levels despite the strike." (Case No. 15cv1749, First Am. Compl. ¶48; Case No. 18cv1374, Consolidated Compl. ¶50.)  Defendant contends the publicly available transcript of the investors call, during which Mr. Goff made this alleged statement, reveals that Plaintiffs' allegation is false and lacks evidentiary support.  In light of the transcript, which Plaintiffs' counsel were aware of, Defendants argue Plaintiffs' counsel "committed a fraud on the court[.]" (Mem. Of P. & A. in Supp. of Mot. at 5.)  Plaintiffs dispute Defendant's arguments. They contend Defendant failed to raise this issue during the initial motion practice, that they provided the Court with a link to the transcript of the investor call, refuting any argument of fraud on the Court, and that their allegations accurately quoted and described Goff's statements.

"Filing a complaint in federal court is no trifling undertaking.  An attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact and 'existing law' (or proposes a good faith extension of the existing law) and that it is not filed for an improper purpose." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002).  "Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and

---

[1] Defendant filed two motions, one in each case, but the motions are essentially the same.

filing it.'" *Id.* (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)). The central purpose of Rule 11 is to deter baseless filings in district court and streamline administration and procedure of the federal courts. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). In the Ninth Circuit, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Company*, 859 F.2d 1336, 1345 (9th Cir. 1988).

Here, the Court has considered the two prongs identified above, and finds sanctions under Rule 11 are not warranted. The disputed allegation is a characterization of Mr. Goff's statements during the investor call. (*See* Reply Br. at 2) (describing Analyst Neil Mehta's understanding of Mr. Goff's statements during the investor call to mean that Tesoro could restart its Martinez refinery even if the strike persisted). Plaintiffs' counsel cited the transcript of the call in their pleadings, and Defendant did not raise the discrepancy it now relies on at any time in its motions to dismiss. Even if this allegation, in itself, were deficient in some way, it would not warrant Rule 11 sanctions. Plaintiffs note Defendant's motion refers to the "lone February 2015 shutdown as the 'central claim' of the case[,]" but argues that shutdown was "just 1 of 10 Tesoro shutdowns detailed in the FAC." (*Id.* at 8.) *See also Les Shockley Racing, Inc. v. National Hot Rod Ass'n*, 884 F.2d 504, 509-10 (9th Cir. 1989) (citing *Community Elec. Serv. v. National Elec. Contractors Ass'n, Inc.*, 869 F.3d 1235, 1242 (9th Cir. 1989)) ("Rule 11 sanctions are inappropriate unless the pleading, motion, or other paper is frivolous when considered as a whole.") For these reasons, Defendant's motions are denied.

**IT IS SO ORDERED**.

DATED: April 6, 2020

_____
DANA M. SABRAW
United States District Judge