# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSIAN GULF INC., | Case No. 3:15-cv-01749-DMS-AGS |
| Plaintiff, | Lead Case No. 3:18-cv-01374-DMS-AGS (consolidated with Case No. 3:18-cv-01377-DMS-AGS) |
| v. | |
| BP WEST COAST PRODUCTS LLC, et al., | |
| Defendants. | **ORDER DENYING ALON USA ENERGY INC.'S MOTION FOR SANCTIONS UNDER RULE 11 AND 28 U.S.C. § 1927** |
| RICHARD BARTLETT, et al., | |
| Plaintiffs, | |
| v. | |
| BP WEST COAST PRODUCTS LLC, et al., | |
| Defendants. | |

These cases come before the Court on Alon USA Energy, Inc.'s motions for sanctions pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927.[1]  The

---

[1] Alon filed two motions, one in each case, but the motions are essentially the same. The motions were originally scheduled for hearing before the Honorable M. James Lorenz, but the case was subsequently transferred to the undersigned judge. After the briefing was submitted, including supplemental briefs from each side, Alon filed a letter brief with the Court requesting oral argument on its motion. The Court finds oral argument unnecessary, and thus that request is denied.

-1-

focus of the motions are two allegations in the Complaints. The first concerns a chart that "details the suspicious plant closings in 2012," including a planned outage of Alon's Bakersfield refinery on April 20, 2012, the claimed reason for the outage being "hydrocracker restarted." (Case No. 15cv1749, ECF No. 76; Case No. 18cv1374, ECF No. 44 ¶40.) The second allegation states, "Each of the defendants is a participant in the California gasoline refinery market." (Case No. 15cv1749, ECF No. 76; Case No. 18cv1374, ECF No. 44 ¶30.) Alon contends both of these allegations are false, and Plaintiffs' counsel failed to conduct "a reasonable and competent inquiry" into these allegations before including them in the Complaints and reiterating them in subsequent pleadings. Plaintiffs respond that the allegation in the chart was a "scrivener's error," and the second allegation is not false. They also dispute that their inquiry into these allegations was not reasonable or competent.

As stated in the Court's recent order on Tesoro's motion for Rule 11 sanctions, "[f]iling a complaint in federal court is no trifling undertaking. An attorney's signature on a complaint is tantamount to a warranty that the complaint is well grounded in fact and 'existing law' (or proposes a good faith extension of the existing law) and that it is not filed for an improper purpose." *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1127 (9th Cir. 2002). "Where, as here, the complaint is the primary focus of Rule 11 proceedings, a district court must conduct a two-prong inquiry to determine (1) whether the complaint is legally or factually 'baseless' from an objective perspective, and (2) if the attorney has conducted 'a reasonable and competent inquiry' before signing and filing it.'" *Id.* (quoting *Buster v. Greisen*, 104 F.3d 1186, 1190 (9th Cir. 1997)). The central purpose of Rule 11 is to deter baseless filings in district court and streamline administration and procedure of the federal courts. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). In the Ninth Circuit, "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Engineers Pension Trust v. A-C Company*, 859 F.2d 1336, 1345 (9th Cir. 1988).

-2-

1      Here, the Court has considered the two prongs identified above, and finds

2   sanctions under Rule 11 are not warranted.  Although the allegation in Paragraph 37

3   was inaccurate, Alon has not shown Plaintiffs' Complaints are factually baseless.

4   Furthermore, given the repeated third-party reliance on the McCulloch Report, which

5   was the asserted basis for the allegation in the chart, the Court cannot say Plaintiffs'

6   Counsel failed to conduct a reasonable and competent inquiry into the allegation.  As

7   for the other allegation, Alon has not shown it was false, or that Plaintiffs' Counsel

8   failed to conduct a reasonable and competent inquiry into the allegation.  Accordingly,

9   Alon's request for sanctions under Rule 11 is denied.

10      Alon also requests that the Court award it fees and costs under 28 U.S.C. § 1927.

11  That statute provides:

12       Any attorney or other person admitted to conduct cases in any court of the
         United  States or any Territory thereof who so multiplies the proceedings
13       in any case unreasonably and vexatiously may be required by  the  court
         to  satisfy  personally  the  excess  costs,  expenses  and  attorney's fees
14       reasonably incurred because of such conduct.

15

16  28 U.S.C. § 1927.   "'[S]ection 1927 sanctions must be supported by a finding

17  of subjective bad faith' which 'is present when an attorney knowingly or recklessly

18  raises a frivolous argument, or argues a meritorious claim for the purpose of harassing

19  an opponent.'"  *B.K.B. v. Maui Police Department*, 276 F.3d 1091, 1107 (9th Cir. 2002)

20  (quoting *In re Keegan Mgmt. Co.*, 78 F.3d 431, 436 (9th Cir. 1996)).  Alon bears the

21  burden to show Plaintiffs' Counsel acted with subjective bad faith, and it has not met

22  that burden here.  Accordingly, Alon's request for fees and costs under § 1927 is also

23  denied.

24      **IT IS SO ORDERED**.

25  DATED: May 7, 2020                          _____

26                                              DANA M. SABRAW
                                                United States District Judge
27

28

-3-