July 23, 2020

The Honorable Andrew G. Schopler                                                                 VIA ECF
United States District Court
  Southern District of California
221 West Broadway
Courtroom 5C, Fifth Floor
San Diego, CA 92101

        Re:      *Persian Gulf Inc. v. BP West Coast Products LLC*, No. 3:15-cv-01749-DMS-AGS
                   *Bartlett v. BP West Coast Products LLC*, No. 3:18-cv-01374-DMS-AGS

Dear Judge Schopler:

      This letter is submitted jointly by the parties in the above referenced matters concerning the Plaintiffs' joint request to extend the deadline for submitting all Plaintiffs' expert reports two weeks.

## I.     Plaintiffs' Position

      This case has been coordinated for pre-trial purposes since August 8, 2018. *See* ECF No. 143. Now, in the midst of an emergency health crisis affecting Consumer Plaintiffs' damages expert, Defendants seek to evade this coordination in a manner that wholly prejudices both the Persian Gulf and Consumer Plaintiffs by refusing to agree to a two-week extension for the other expert reports which are necessarily and inextricably linked to the Consumer Plaintiffs' damages report. Defendants have agreed to an extension related to the service of the Consumer Plaintiffs' damages expert's report, but refuse to grant the same two weeks to the merits report being shared by the parties and Persian Gulf's damages report.

      This refusal ignores that for nearly two years the Plaintiffs have been on a coordinated track with respect to every aspect of this case, are sharing a liability (merits) expert and have worked in tandem on all issues related to damages. It also fails to account for the interrelated nature of the damages expert reports with the merits of the case, and the merits expert report with the damages portion of the case. The Consumer Plaintiffs' testifying damages expert – a veteran econometrician in the energy markets who himself will likely submit some opinions that go to the merits of the case – has been unavailable to provide feedback and focus on issues relevant to the merits expert report. And if Defendants have their way, Persian Gulf's damages expert too will be without the benefit of the guidance, and perhaps the opinions that touch on merits, that Consumer Plaintiffs' damages expert may include in his report. Put simply, this frustrates just determination of the action. Further, forcing the merits report and the Persian Gulf damages report to be served in advance of the damages report by the Consumer Plaintiffs' expert is inefficient and provides nothing except an unfair litigation advantage to Defendants. By their refusal to agree to an extension (not even on courtesy), Defendants have placed Plaintiffs in a position where inconsistencies and incompleteness are likely to exist, which are unnecessary and avoidable.

      There are no fast-approaching deadlines in which a two week extension could not be easily accommodated – this is clear as the Defendants have already agreed to such an extension for the Consumer Plaintiffs' damages report to be served.

4816-5803-7188.v1

It should be noted that none of the attorneys are familiar with a single instance in a coordinated class antitrust case where the merits and damages reports were put on separate tracks for different plaintiffs – and this makes sense as the reports are necessarily linked.

Any idea that the prejudice could be lessened by allowing Plaintiffs to amend the merits and Persian Gulf damages reports is a non-starter as this procedure would simply open up unfair and unnecessary lines of cross examination, one which would not exist in the absence of coordination.

The minimal extension, brought on by a medical emergency completely out of the hands of Plaintiffs should not result in the obvious prejudice that forcing reports to be served on separate tracks would incur. For these reasons, Plaintiffs respectfully request the Court order the cases continue to be coordinated and have the date for all reports that were to be served July 24, 2020, be moved to August 7, 2020.

## II. Defendants' Position

Defendants agreed to accommodate the Bartlett plaintiffs in light of the recent illness of their damages expert Mr. Williams but submit that no good cause has been shown to inject more delay into this five-year old antitrust case by delaying *all* expert deadlines for *both* cases (including that of the defendants' experts who were expecting to begin their work next week) two additional weeks.

Defendants have cooperated with the plaintiffs to set reasonable schedules and agreed to extensions when good cause exists (or simply as an accommodation). Defendants agreed to multiple extensions, including delaying expert reports from September 19, 2019 to February 12, 2020, then to April 10, 2020, then to May 18, 2020 and finally to the current deadline (tomorrow) July 24, 2020.

Plaintiffs say the Bartlett damages report has "some" bearing on the merits report or the Persian Gulf damages report, but they do not say exactly why, let alone why that should effect the schedule for the merits report. After all, the deadline for all of Plaintiffs' expert reports is *tomorrow*. Persian Gulf owns a gas station and is a direct purchaser from the defendants. It has two experts: one for merits and the other for damages to determine the alleged overcharge to the direct purchasers. The Bartlett plaintiffs are downstream consumers who purchase fuel from gas stations in California. According to both plaintiffs groups' counsel, they intend to use the same "merits" expert, but each group of plaintiffs will have their own damages expert. Typically, a consumer purchaser's damages expert must consider the opinions of direct purchaser's damages expert, because the consumer purchasers are down the chain of distribution (i.e., they usually purchase from the "direct" purchasers). The work of the Bartlett's damages expert thus includes assessing the % of the claimed overcharge that is passed on to the downstream consumers, and thus must consider the work of the Persian Gulf experts. If the Persian Gulf expert was ill, that could conceivably impact the work of the Bartlett damages expert. But not vice versa. Simply calling these "coordinated cases" and claiming prejudice does not establish a connection.

Plaintiffs have had years to work on and prepare their expert reports. It simply is not credible to claim that a few days before the expert reports are due to be submitted, Persian Gulf's expert analysis is hanging on the unfinished work of the Bartlett damages expert. This is particularly true given that counsel for Persian Gulf said that the recent news of the Bartlett expert's illness was a surprise to them as well – that fact does not suggest the level of "close coordination" claimed by the plaintiffs.

      Defendants are also concerned about additional delays. Schedules have been arranged according to the deadlines ordered by the Court. Plaintiffs neither represent nor commit that there will be no further extension requests. The Bartlett plaintiffs suggestion that they may request to *change* their damages expert at this late hour is a serious concern. Rather than inject more unnecessary and unwarranted delay into this proceeding, the much better course of action would be to preserve the deadlines as set by the court months ago. In the highly unlikely event there is some minor aspect of the Bartlett plaintiffs' damages expert's analysis that relates to the merits expert's analysis or to the damages work in the direct (Persian Gulf) case, this can easily be addressed at the time the issue arises. Rather than trying to anticipate a problem that is unlikely to occur, defendants urge the Court to maintain the expert schedule (subject to the accommodation for the illness noted and a corresponding extension for the defendant's responsive damages report) and leave it to the parties to deal with any issues that come up later. If the parties are unable to resolve those issues, we will then seek additional guidance from the Court.

                              Respectfully submitted,

| | |
|---|---|
| s/ Alexandra S. Bernay<br>Robbins Geller Rudman & Dowd LLP<br>Counsel for Plaintiff Persian Gulf Inc. | s/ Robert A. Sacks<br>Sullivan & Cromwell LLP<br>Counsel for Defendant BP West Coast Products LLC |
| s/ George C. Aguilar<br>Robbins LLP<br>Counsel for Plaintiffs David Rinaldi, Joshua Ebright and Paul Lee | s/ Steven E. Sletten<br>Gibson, Dunn & Crutcher<br>Counsel for Defendant Chevron U.S.A., Inc. |
| | s/ Robert A. Mittelstaedt<br>Jones Day LLP<br>Counsel for Defendant Tesoro Refining & Marketing Company LLC |
| | s/ Kent M. Roger<br>Morgan, Lewis & Bockius LLP<br>Counsel for Defendant Equilon Enterprises LLC (d/b/a Shell Oil Products US) |
| | s/ Robin A. Wofford<br>Wilson Turner Kosmo LLP |
| | s/ Dawn Sestito<br>O'Melveny & Myers LLP<br><br>Counsel for Defendants Exxon Mobil Corporation and ExxonMobil Refining & Supply Co. |

        s/ Gerald E. Hawxhurst
Hawxhurst Harris LLP
Counsel for Defendant Valero Marketing and
Supply Company

        s/ Joshua D. Lichtman
Norton Rose Fulbright
Counsel for Defendant Phillips 66

        s/ Carl W. Hittinger
Baker & Hostetler LLP
Counsel for Defendant Alon U.S.A. Energy,
Inc.

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to the above signatories, and that I have obtained each of the foregoing person's authorization to affix his or her electronic signatures to this document.

DATED: July 23, 2020          s/ Alexandra S. Bernay
        ALEXANDRA S. BERNAY