M. RANDALL OPPENHEIMER (S.B. #77649)
roppenheimer@omm.com
CHARLES C. LIFLAND (S.B. #108950)
clifland@omm.com
DAWN SESTITO (S.B. #214011)
dsestito@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street
Los Angeles, California 90071-2899
Tel: (213) 430-6000 Fax: (213) 430-6407

ROBIN A. WOFFORD (S.B. # 137919)
rwofford@wilsonturnerkosmo.com
FREDERICK W. KOSMO, JR. (S.B. # 138036)
fkosmo@wilsonturnerkosmo.com
HUBERT KIM (S.B. # 204957)
hkim@wilsonturnerkosmo.com
KATHERINE M. MCCRAY (S.B. # 243500)
kmccray@wilsonturnerkosmo.com
**WILSON TURNER KOSMO LLP**
402 W. Broadway, Suite 1600
San Diego, California 92101-3532
Tel: (619) 236-9600 Fax: (619) 236-9699

*Attorneys for Defendants*
EXXONMOBIL REFINING & SUPPLY
COMPANY and EXXON MOBIL
CORPORATION

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSIAN GULF INC., <br><br> Plaintiff, <br><br> v. <br><br> BP WEST COAST PRODUCTS LLC, et al., <br><br> Defendants. <br> RICHARD BARTLETT, et al., <br><br> Plaintiffs, <br><br> v. <br><br> BP WEST COAST PRODUCTS LLC, et al., <br><br> Defendants. | Case No. 3:15-cv-01749-TWR-AGS <br><br> Lead Case No. 3:18-cv-01374-TWR-AGS (consolidated with case no. 3:18-cv-01377-TWR-AGS) <br><br> **CLASS ACTION** <br><br> **JOINT MOTION TO FILE DOCUMENTS UNDER SEAL** <br><br> Judge: Hon. Todd W. Robinson <br> Courtroom: 3A |

-1-

# I. INTRODUCTION

Pursuant to the Court's April 2, 2021 Order Granting Joint Motion and Stipulation to Amend Sealing Procedures ("Amended Sealing Order," Dkt. No. 637 in Case No. 15-cv-01749 and Dkt. No. 479 in Case No. 18-cv-01374[1]), all briefs and evidence filed pursuant to the March 16, 2021 Order Granting Joint Motion and Stipulation Re Protocols for Motions for Summary Judgment and Daubert Motions ("Briefing Order," Dkt. No. 589) were filed under seal on the CM/ECF docket.[2] Counsel for Plaintiffs[3] and Defendants[4] met and conferred in good faith on multiple occasions since July 2, 2021, to discuss the sealing of briefs and evidence filed pursuant to the Briefing Order.[5] Now, pursuant to Local Rule 79.2, Rule III.C.4 of the Standing Order for Civil Cases, and the Protective Order entered on February 4, 2019, the Parties hereby jointly request permission to permanently seal certain documents or portions of documents that were previously filed pursuant to the Briefing Order.

---

[1] Unless otherwise stated, all docket citations are to filings in Case No. 15-cv-1749.

[2] The Parties originally filed their opening briefs and evidence on April 2, 2021, and, in conjunction with that filing, filed separate motions to seal. *See* Dkt. Nos. 612 and 620 (Defendants' sealing motions); Dkt. Nos. 623 and 627 (Plaintiffs' sealing motions). On April 20, 2021, the Court denied those April 2 motions to seal as moot, as per the Parties' request. Dkt. No. 661.

[3] Persian Gulf, Inc., David Rinaldi, Joshua Ebright, and Paul Lee.

[4] BP West Coast Products LLC, Chevron U.S.A. Inc., Tesoro Refining & Marketing Company LLC, Equilon Enterprises LLC (d/b/a Shell Oil Products US), Exxon Mobil Corporation and ExxonMobil Refining & Supply Co., Valero Marketing and Supply Company, Phillips 66, and Alon USA Energy, Inc.

[5] The good-faith meet and confer efforts resulted in the Parties reaching an agreement as to the proper redactions for the hundreds of pages of briefs and evidence filed pursuant to the Briefing Order. The Parties further agreed that certain redactions to the briefs and evidence publicly filed on April 2, 2020 (which pre-dated the Amended Sealing Order), are no longer necessary and, therefore, less-redacted versions of at least some of those documents should now be filed. The Parties will file new public versions of those documents by July 27, 2021.

In support of this Motion, Defendants submit the Declaration of Dawn Sestito ("Sestito Declaration"), which identifies with particularity the sealable portions of any filed materials that reflect Defendants' confidential and proprietary information, including but not limited to contractual terms, pricing information, business records, and financial information.[6] Plaintiffs take no position as to the information that Defendants seek to seal.

Plaintiffs submit the Declaration of George C. Aguilar ("Aguilar Declaration"), which identifies with particularity the sealable portions of any filed materials that reflect confidential and proprietary contractual details, materials designated by third parties as confidential and certain material in expert reports. Defendants take no position as to the information that Plaintiffs seek to seal.

The Parties submit this Motion and accompanying declarations in good faith and based on their respective understanding of the law and this Court's rules. If the Court has any questions or concerns, the Parties respectfully request an opportunity to cure any deficiencies or address any feedback from the Court.

## II. LEGAL STANDARD

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1102 (9th Cir. 2016). When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98.

---

[6] Certain Defendants have also redacted personally identifiable information ("PII") from certain exhibits that were filed pursuant to the Briefing Order. Those redactions are identified in the exhibits with white boxes marked "PII" and, therefore, are not listed in the Sestito Declaration. Plaintiffs have no issue with these redactions.

A compelling reason exists when not sealing the material would result in the release of trade secrets, *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), or of "business information that might harm a litigant's competitive standing," *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns Inc.*, 435 U.S. 589, 599 (1978)).

## III. DISCUSSION

The limited sealing that Defendants seek is consistent with the nature of this action: a multi-defendant antitrust lawsuit. Discovery in this matter required production of all manner of confidential materials, including documents related to pricing decisions and methodology, business decisions and strategies, customer and sales data, refinery production decisions and import, export, and trading strategies. To protect the competitively sensitive information that was sought and produced during discovery, the Court entered a comprehensive Protective Order with two tiers of confidentiality designations, including a designation of "Confidential - For Counsel Only" for the most competitively sensitive materials. *See* Dkt. No 184. Defendants collectively produced over 3 million documents and terabytes of other data under the Protective Order. Dkt. 502-2 ¶ 4.[7] For purposes of this Motion, Defendants are not seeking to seal documents or information on the sole basis that such information was produced as "Confidential"

---

[7] All citations to "J.A. __" refer to the Joint Appendix in Support of Joint Memorandum of Defendants Chevron U.S.A. Inc., Phillips 66, Equilon Enterprises LLC (d/b/a Shell Oil Products US), and Valero Marketing and Supply Company in Support of Joint Motion for Summary Judgment, which was filed under seal as Dkt. No. 629. Unless stated otherwise, all citations to "Ex. __" refer to the exhibits cited in and attached to the Declaration of Samuel Liversidge in Support of the Joint Notice of Motion and Motion for Summary Judgement of Defendants Chevron U.S.A. Inc., Phillips 66, Equilon Enterprises LLC (d/b/a Shell Oil Products US), and Valero Marketing and Supply Company, which were filed under seal as Dkt. No. 629. Citations to "T.A. __" refer to Tesoro Refining & Marketing Company LLC's Appendix in Support of its Motion for Summary Judgment and Defendants' Joint Motion for Summary Judgment, which was filed under seal as Dkt. No. 621. All emphasis is added and internal citations and quotations are omitted.

or "Confidential - For Counsel Only" under the Protective Order. Instead, Defendants have carefully reviewed the materials filed pursuant to the Briefing Order and only seek to seal the specific materials for which there is a compelling reason to keep from the public record, all of which is specifically identified in the Sestito Declaration.

The limited sealing that Plaintiffs seek reflects three categories of information. First, Plaintiffs seek to seal the contract between Plaintiff Persian Gulf and Phillips 66. As described below, the financial details and other negotiated terms of contractual agreements constitute paradigmatic trade secrets. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008). Second, Plaintiffs seek to seal a limited number of documents that were produced by third parties in this action who have requested, under the terms of the governing protective order, to have their materials marked confidential or highly confidential. Finally, the Plaintiffs seek to seal certain material in expert reports. These materials refer, rely and relate to material that has been designated as confidential and/or highly confidential by Defendants and third parties. For purposes of this Motion, likewise as with Defendants, Plaintiffs are not seeking to seal documents or information on the sole basis that such information was produced as "Confidential" or "Confidential - For Counsel Only" under the Protective Order. Instead, Plaintiffs have carefully reviewed the materials filed pursuant to the Briefing Order and only seek to seal the specific materials for which there is a compelling reason to keep from the public record, all of which is specifically identified in the Aguilar Declaration.

The Ninth Circuit and several courts in this district have found that the type of materials identified in the Sestito Declaration and Aguilar Declaration constitute confidential information or other material properly sealable in the dispositive-motion context:

**Proprietary Contract Terms**: The financial details and other negotiated terms of contractual agreements constitute paradigmatic trade secrets. *See In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008) (determining that "pricing terms, royalty rates, and guaranteed minimum payment terms" are the "precise sort of information"

that under the compelling reasons standard "plainly falls within the definition of 'trade secrets'" and therefore must be sealed.). The "public disclosure of [contract terms] would impede [the party's] ability to negotiate with business partners and to stay competitive in the marketplace." *Rainbow Bus. Solutions v. Merch. Servs.*, 2013 WL 12308205, at *2 (N.D. Cal. May 10, 2013).

The documents or portions of documents filed pursuant to the Briefing Order contain copies of and reference certain business contracts of Defendants with commercially sensitive contractual language. This type of information is properly sealable because disclosure would provide competitors with unfair bargaining leverage in future negotiations. The Sestito Declaration identifies with particularity the contractual information filed pursuant to the Briefing Order that compelling reasons support sealing. For example, ExxonMobil seeks to seal the description of a particular pricing clause in a supply contract with a non-defendant third party. *See* ExxonMobil's Notice of Joinder and Supplemental Brief in Support of Defendants' Joint Motion for Summary Judgment, Dkt. No. 631 at 7 fn.6. And portions of Patrick Brooks' Declaration at paragraphs 10 and 11 describe confidential, competitively sensitive contract provisions relating to some of Valero's West Coast supply contracts with customers for its branded and unbranded gasoline. *See* J.A. 731 ¶ 109.

Plaintiffs have sought to seal the contract between Phillips 66 and Plaintiff Persian Gulf which is discussed in and attached as an exhibit to the Declaration of John Hodgson for the same reasons as those described above.

**Proprietary Pricing Information**: Internal business documents and communications reflecting strategic initiatives and pricing methodologies, bidding tactics, and negotiating strategies also meet the compelling reasons standard. *See, e.g., In re Elec. Art*, 298 F. App'x at 569 (finding pricing, profit, and customer information sealable under the compelling reasons standard); *Rainbow Bus. Solutions*, 2013 WL 12308205, at *2 (finding that the disclosure of "pricing arrangements, business model and strategies" of the designating party "would allow its competitors to copy or adopt

[those] practices . . . reducing or eliminating the competitive advantage that this information provides"); *Whitewater W. Indus., Ltd. v. Pac. Surf Designs, Inc.*, 2018 WL 3055938, at *2 (S.D. Cal. June 14, 2018) (explaining that "pricing information if publicly disclosed could put the company at a competitive disadvantage").

The documents or portions of documents filed pursuant to the Briefing Order contain copies of and reference certain proprietary pricing information and methodologies of Defendants. This type of information is properly sealable because disclosure would be used by competitors to cause harm to competitive standings, undercutting pricing and providing an unfair competitive advantage. The Sestito Declaration identifies with particularity the proprietary pricing that compelling reasons support sealing. For example, ExxonMobil and other Defendants seek to seal documents and portions of declarations that describe proprietary pricing decisions, methodologies, and formulas. *See* J.A. 336–37 ¶¶ 74–76; T.A. 6–7 ¶¶ 19, 22. And portions of Patrick Brooks' Declaration at paragraphs 10 and 11 describe aspects of Valero's proprietary pricing formulas and pricing strategy regarding its West Coast rack sales for branded and unbranded gasoline. *See* J.A. 731 ¶ 109.

**Proprietary Business Records and Information**: Internal records that reveal "proprietary business strategies" or "internal business operations" also meet the compelling reasons standard. *See Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 2020 WL 1911502, at *5 (S.D. Cal. Apr. 20, 2020); *Microsoft Corp. v. Hon Hai Precision Indus. Co.*, 2020 WL 4901610, at *5 (N.D. Cal. Aug. 20, 2020). *See also In re Qualcomm Litig.*, 2019 WL 1557656, at *3 (S.D. Cal. Apr. 10, 2019) (granting motions to seal "confidential business information of the parties, including trade secrets, proprietary business records, discussions of internal strategy, company dealings, and materials designated as 'Highly Confidential'"); *Stone v. Advance Am., Cash Advance Ctrs., Inc.*, 2011 WL 662972, at *1 (S.D. Cal. Feb. 11, 2011) (granting motion to seal "volume and market share"); *Cont'l Auto. Sys., Inc. v. Avanci, LLC*, 2019 WL 6612012, at *4 (N.D. Cal. Dec. 5, 2019) ("courts in our circuit have found sales data and customer

identities to be sealable, to the extent that information is kept confidential"); *Krieger v. Atheros Commc'ns, Inc.*, 2011 WL 2550831, at *1 (N.D. Cal. June 25, 2011) (sealing a presentation that contained "discussions of business strategy and competitive analyses").

The documents or portions of documents filed pursuant to the Briefing Order contain copies of and reference certain business records of Defendants with proprietary business strategies and business information. This type of information is properly sealable because disclosure would be used by competitors to cause harm to competitive standings and provide an unfair competitive advantage. The Sestito Declaration identifies with particularity the proprietary business records that compelling reasons support sealing. For example, ExxonMobil seeks to seal declaration paragraphs that describe information related to ExxonMobil's strategies and operations for refinery operations, including certain planning strategies involving production and inventories. *See* J.A. 336–37 at ¶¶ 74–76. And VMSC Exhibit 7 is an internal Valero memorandum that reveals, among other things, its proprietary business strategies and internal business operations relating to trade dealings and supply strategies across several channels of its business. *See* J.A. 731 ¶ 109.

**Proprietary Financial Information**: Information related to a company's profits, losses, and margins also satisfy the compelling reasons standard. *Whitewater*, 2018 WL 3055938, at *2; *Apple, Inc. v. Samsung Elec. Co.*, 727 F.3d 1214, 1225 (Fed. Cir. 2013) ("[I]t seems clear that if Apple's and Samsung's suppliers have access to their profit, cost, and margin data, it could give the suppliers an advantage in contract negotiations."). Damages calculations satisfy this standard when the calculations of potential damages figures were based on confidential documents related to sales. *See Microsoft Corp. v. Hon Hai Precision Indus. Co.*, 2020 WL 4901610, at *3 (N.D. Cal. Aug. 20, 2020) (sealing summary judgment "damages figures and numbers of units sold").

The documents or portions of documents filed pursuant to the Briefing Order contain copies of and reference certain proprietary financial information of Defendants. This type of information is properly sealable because disclosure could be used by competitors to cause harm to competitive standings and give suppliers an unfair advantage in contract negotiations. The Sestito Declaration identifies with particularity the proprietary financial information that compelling reasons support sealing. For example, ExxonMobil seeks to seal certain non-public and proprietary internal financial metrics and performance as it relates to refinery operations. *See* J.A. 336–37 ¶¶ 74–76. And VMSC Exhibit 7 is an internal Valero memorandum that reveals, among other things, detailed profit, loss and margin information relating to its trade dealings and supply strategies across several channels of its business. *See* J.A. 731 ¶ 109.

## IV. CONCLUSION

For the reasons stated above, and those set forth in the concurrently filed Sestito Declaration and Aguilar Declaration, the Parties respectfully request the Court enter the Proposed Sealing Order, filed herewith.

Respectfully submitted,

DATED: July 16, 2021     **O'MELVENY & MYERS LLP**

By:   s/ Dawn Sestito
       DAWN SESTITO

**WILSON TURNER KOSMO LLP**

By:   s/ Robin A. Wofford
       ROBIN A. WOFFORD

*Attorneys for Defendants* EXXON MOBIL REFINING & SUPPLY COMPANY and EXXON MOBIL CORPORATION

DATED: July 16, 2021     **GIBSON, DUNN & CRUTCHER LLP**

By:   s/ Samuel G. Liversidge
       SAMUEL G. LIVERSIDGE

*Attorneys for Defendant* CHEVRON U.S.A. INC.

DATED: July 16, 2021     **JONES DAY**

By:   s/ David C. Kiernan
       DAVID C. KIERNAN

*Attorneys for Defendant* TESORO REFINING & MARKETING COMPANY LLC

| | | |
|---|---|---|
| 1 | DATED: July 16, 2021 | **MORGAN LEWIS & BOCKIUS LLP** |
| 2 | | |
| 3 | | By:   s/ Kent M. Roger<br>      KENT M. ROGER |
| 4 | | |
| 5 | | *Counsel for Defendant* EQUILON ENTERPRISES LLC doing business as SHELL OIL PRODUCTS US |
| 6 | | |
| 7 | | |
| 8 | DATED: July 16, 2021 | **HAWXHURST HARRIS LLP** |
| 9 | | By:   s/ Gerald E. Hawxhurst<br>      GERALD E. HAWXHURST |
| 10 | | |
| 11 | | *Attorneys for Defendant* VALERO MARKETING AND SUPPLY COMPANY |
| 12 | | |
| 13 | | |
| 14 | DATED: July 16, 2021 | **BAKER & HOSTETLER, LLP** |
| 15 | | By:   s/ Carl W. Hittinger<br>      CARL W. HITTINGER |
| 16 | | |
| 17 | | *Attorneys for Defendant* ALON U.S.A. ENERGY, INC. |
| 18 | | |
| 19 | DATED: July 16, 2021 | **SULLIVAN & CROMWELL LLP** |
| 20 | | |
| 21 | | By:   s/ Robert A. Sacks<br>      ROBERT A. SACKS |
| 22 | | |
| 23 | | *Attorneys for Defendant* BP WEST COAST PRODUCTS LLC |
| 24 | | |
| 25 | | |
| 26 | | |
| 27 | | |
| 28 | | |

| | | |
|---|---|---|
| DATED: July 16, 2021 | | **NORTON ROSE FULBRIGHT** |
| | By: | s/ Joshua D. Lichtman |
| | | JOSHUA D. LICHTMAN |
| | | *Attorneys for Defendant* PHILLIPS 66 |
| DATED: July 16, 2021 | | **ROBBINS GELLER RUDMAN & DOWD LLP** |
| | By: | s/ Alexandra S. Bernay |
| | | ALEXANDRA S. BERNAY |
| | | *Attorneys for Plaintiff* PERSIAN GULF INC. |
| DATED: July 16, 2021 | | **ROBBINS LLP** |
| | By: | s/ George C. Aguilar |
| | | GEORGE C. AGUILAR |
| | | *Attorneys for Plaintiffs* DAVID RINALDI, JOSHUA EBRIGHT, and PAUL LEE |

## SIGNATURE CERTIFICATION

Pursuant to Section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to the above signatories, and that I have obtained each of the foregoing person's authorization to affix his or her electronic signatures to this document.

DATED: July 16, 2021                    **O'MELVENY & MYERS LLP**

                                        s/ Dawn Sestito
                                        DAWN SESTITO